## Cox *v.* VICKERS and Another.

REDEMPTION.—*Party.*—To cut off the right of an owner of an equity of redemption to redeem, he must be made a party to the suit to foreclose. (PETTIT, C. J. dissents, holding that the statute of June 4th,1861, takes away all rights to redeem except as provided in that statute.)

ESTOPPEL.—To constitute an estoppel, it must appear that the party insisting upon it parted with some right or invested money upon the faith of the acts of the other party.

PRACTICE.—*Judgment, Non Obstante Veredicto.*—Where a general denial is pleaded, it is error to sustain a plaintiff's motion for judgment, *non obstante veredicto.*

SAME.—*Open and Close.*—The plaintiff is entitled to open and close in all cases where the defendant answers the general denial.

APPEAL from the Clay Common Pleas.

DOWNEY, J.—This was an action by Cox against the defendants, Vickers and Vickers, to be allowed to redeem certain lands described in the complaint.

The complaint is in one paragraph, and alleges that on the 15th day of March, 1866, one Branson H. Boling was the owner of certain lands therein described; that there was a

mortgage on the land to secure one hundred and fifty dollars, executed to the defendant Addison B. Vickers; that on the 15th day of March, 1866, Boling conveyed the land in complaint described by warranty deed to the plaintiff; that after the conveyance to the plaintiff, the defendant Addison B. commenced his suit against Boling and wife alone to foreclose said mortgage, and on the 2d day of the November term, 1866, of the common pleas, took judgment against Branson H. Boling for one hundred and thirty dollars and sixty cents and for foreclosure against him and his wife; that plaintiff was not made a party to said suit and had no notice of the pendency of the same; that on the 5th day of January, 1867, Addison B. Vickers assigned the judgment to Elijah Vickers; that after said assignment Elijah sued out a copy of decree or judgment, and on the 19th day of October, 1867, caused the land to be sold, and bid the same in for the sum of forty dollars; that at the time of the foreclosure and ever since, the plaintiff was the owner of the equity of redemption in said lands, of which fact both the defendants had full notice before the time they commenced the suit to forclose the mortgage; that the land is worth a thousand dollars; and that defendants refuse to allow him to redeem the same. Prayer, that the sale be set aside, and that plaintiff be permitted to pay the money into court and redeem the land, or that a new sale be ordered, and for general relief.

The deed from Boling and wife to Cox, the mortgage from Boling and wife to Addison B. Vickers, the copy of the decree of foreclosure, the copy of the assignment of judgment, the copy of decree on which the land was sold, together with the sheriff's return thereon endorsed, are filed with the complaint and made part thereof.

Defendants filed demurrer to the complaint, alleging for cause, first, that the same does not state facts sufficient to constitute cause of action; second, want of jurisdiction; third, defect of parties; fourth, misjoinder of parties defendants. The demurrer was overruled, and an exception taken.

The defendants then answered, first, the general denial; second, that on the — day of January, 1865, Boling and wife executed the mortgage, a copy of which is filed with the complaint, to Addison B. Vickers; that after the execution of the mortgage, Boling and wife conveyed the land in controversy to Cox; that Cox at the time of the conveyance had full notice of Vickers' mortgage; that Cox bought the property subject to the mortgage, and agreed to pay out the debt to Vickers as part of the consideration for the conveyance; that Cox failed to perform his agreement, and suffered said mortgage to be foreclosed, and stood by and consented to said foreclosure, as well as the sale of sheriff made thereon, and the deed executed on said sale, and after the expiration of a year, during all the time, Cox stood by and consented, with a full knowledge of all the facts as to all things done in the premises; that said Boling has all the time been insolvent; that defendants only realized forty dollars on the sale of the mortgaged premises, leaving the balance of their claim unsatisfied, and which balance Cox, although often requested, has failed to pay. Prayer, that the proceedings in foreclosure be affirmed, and for judgment against Cox for two hundred dollars, and that the court refuse to allow him to redeem.

The plaintiff filed a demurrer to the second paragraph of this answer, alleging for cause, first, that said answer did not state facts sufficient to entitle the defendant to the relief prayed; second, that there was a defect of parties.

The demurrer to the second paragraph of the answer was overruled and excepted to by the plaintiff. The plaintiff then replied to the second paragraph of the answer by general denial.

The cause was tried by a jury, who found a general verdict for the defendant, together with answers to interrogatories propounded by the defendants.

At the proper time, the plaintiff asked leave to commence the evidence, which the court refused, and allowed the de-

fendants to commence, to which the plaintiff at the time excepted.

At the proper time, the plaintiff asked leave to open and close the argument to the jury, which the court refused, and allowed the defendants to open and close the argument, to which the plaintiff at the time excepted.

Upon the return of the verdict, the plaintiff moved the court for judgment on the pleadings, notwithstanding the verdict, which motion was overruled and excepted to by the plaintiff.

The plaintiff moved for a new trial, first, because the court erred in overruling the plaintiff's demurrer to the defendants' answer; second, the court erred in overruling the plaintiff's motion for judgment on the pleadings; third, the court erred in refusing to allow the plaintiff to open and close the evidence and argument to the jury; fourth, the court erred in instructing the jury of its own motion as in instructions numbered two and three; fifth, the court erred in admitting evidence, &c.; sixth, the verdict is not sustained by the evidence; seventh, the verdict is contrary to the evidence; eighth, the verdict is contrary to law; ninth, the court erred in refusing instructions numbered one and two asked by the plaintiff.

The court overruled the motion for a new trial and rendered judgment on the verdict for the defendants.

The errors assigned are, first, the court erred in overruling the demurrer to the second paragraph of the answer; second, in refusing judgment for the plaintiff on the pleadings; third, in overruling the motion for a new trial.

The second paragraph of the answer was no defense to the action. The plaintiff, who was the owner by conveyance from Boling and wife of the equity of redemption, not having been made a party to the suit to foreclose the mortgage, was not in any way affected by the judgment. He had precisely the same right to redeem, therefore, that he had before the rendition of that judgment. If it had been desired to cut off his right to redeem, he should have been made a

party to the suit. We hardly deem it necessary at this day to cite authorities in support of this position. The allegation in the second paragraph of the answer with reference to the "standing by" of Cox, cannot render the answer good. It is not alleged that the defendants did not know of his claim to the property. It is not shown that they invested any money or parted with any right in consequence of his alleged silence. There are none of the qualities of an estoppel in the transaction. The court should have sustained the demurrer.

This renders it unnecessary for us to decide the question raised by the second assignment of error. But we may say that as the general denial was also pleaded, we think it was not error for the court to refuse to render judgment for the plaintiff on the pleadings, *non obstante veredicto.*

The court erred in refusing to allow the plaintiff to have the open and close. The general denial being in, it was essential for the plaintiff to prove the truth of the allegations in his complaint, and this gave him the right to open and close.

We think that some of the instructions of the court to the jury based on the theory of the case set up in the second paragraph of the answer were incorrect.

The motion for a new trial should have been sustained.

The judgment is reversed, and the cause remanded. Costs to the appellant.

PETTIT, C. J., dissents, because he holds that the statute of June 4th, 1861, takes away all right to redeem, except as provided for in that statute.

*W. W. Carter* and *S. D. Coffey*, for appellant.