GATLING *v.* DUNN ET AL.

SHERIFF'S SALE.—*Property Sold Subject to Incumbrance.—Redemption Law of 1861.*—The provision of the first clause of section 452, 2 G. & H. 244, that "when any property shall be sold subject to liens and incumbrances, the purchaser may pay the liens and incumbrances, and hold the property discharged from all claims of the execution-defendant," is not repealed by the redemption law of 1861, 2 G. & H. 251, so far as it affects the right of redemption existing by the general principles of law and held by one not a party to the judgment on which the sale was made.

SAME.—*Sale Under Junior Judgment.*—Certain real estate subject to the lien of two judgments, rendered in favor of different plaintiffs at different times, against the owner of such real estate, was sold on execution issued on the junior judgment to one not a party to either judgment, who, after he had received the sheriff's deed, sold and conveyed the land to the senior judgment-plaintiff, who took and kept possession of the land, still

holding said senior judgment, which remained unpaid and unsatisfied on the record.

*Held,* that said senior judgment remained in force against the land and against the judgment-defendant, and execution might be issued thereon, notwithstanding said purchaser at sheriff's sale elected, in his mind or in expressed words, to take and hold the land subject to said senior judgment, and to pay off and satisfy the same, and hold the property, and his vendee, said senior judgment-plaintiff, purchased with notice of such election, himself electing in like manner.

SAME.—*Redemption of Land.—Statutes.*—There is no common law right to redeem land sold on a judgment at law, where the lien is general; and the provision of the second clause of section 452, 2 G. & H. 244, that the purchaser of property sold subject to liens and incumbrances "may hold the property subject to be redeemed," without limitation as to time, "by the execution-defendant, his heirs or assigns, by paying to the purchaser, his heirs or assigns, the purchase-money, with interest" at the legal rate of six per cent. per annum, was repealed by the act of 1861, 2 G. & H. 251, which provides that the redemption must be within one year from the date of the sale, by paying the purchase-money, with interest thereon at the rate of ten per cent. per annum.

From the Marion Civil Circuit Court.

*N. B. Taylor, F. Rand, E. Taylor, R. B. Duncan* and *J. S. Duncan,* for appellant.

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellees.

BIDDLE, J. —Suit by appellant against Jacob P. Dunn and George Tousey, executors of the last will and testament of Isaac Dunn, deceased, and Nicholas R. Ruckle. The complaint contains three paragraphs.

The appellant, in his brief, states the facts alleged in the first paragraph, as follows:

"On the 3d day of February, 1862, Isaac Dunn recovered a judgment in the court of common pleas of Marion county, Indiana, against Richard J. Gatling, as principal debtor, for the sum of eleven hundred and sixty-nine dollars and fifty cents, without any relief from valuation laws. On the 4th day of March, 1863, Sarah Hamilton recovered a judgment in the circuit court of said county, against said Richard J. Gatling, as principal debtor, for five hundred and sixty-two dollars and fifty cents.

" At the time of the rendition of said first judgment, said Gatling was the fee simple owner of a parcel of real estate, described by metes and bounds, in the city of Indianapolis, in said county and State, upon which the said judgment became a lien from and after the date of its rendition, and the other judgment also from the date of its rendition; the last being junior to the first. An execution was issued upon the junior judgment to the sheriff of said county, who levied the same upon and took in execution the said real estate of said Gatling, subject to the lien of said first judgment. This execution was returned, and a *venditioni* issued, commanding the sale of the premises to satisfy said junior judgment, without relief from valuation or appraisement laws.

" By virtue of said writ of *venditioni*, on the 16th day of July, 1864, the sheriff of said county sold said premises of said Gatling to Sims A. Colley, for the sum of sixty dollars, which was paid by said Colley, and the sheriff executed and delivered a deed for said premises to said Colley; the sale and purchase being made subject to the said first judgment of said Isaac Dunn, by said Colley, who elected to take and hold the premises subject to, and to pay off and satisfy said Dunn's prior judgment, and to hold the premises.

" On the 30th day of December, 1865, Sims A. Colley, without having paid off said Dunn's prior judgment, subject to which he had purchased and took the premises, sold and conveyed the same to said Dunn, who still held the prior judgment and lien for one hundred dollars, which he paid to Colley, and took a deed therefor, and entered into and took possession of the same; and said Dunn purchased the premises of said Colley, and took the deed from him therefor, with full knowledge that Colley had purchased the same subject to his, Dunn's, judgment and lien, and elected to hold the same subject thereto, and to pay off and satisfy the same, and entered into and took possession of the same, subject to the payment of his prior judgment, in like manner as said Colley, and elected to take and hold the same as in and for full satisfaction and discharge of his prior judgment and

lien on the same, and to consider and hold the said judgment satisfied and discharged; and from the time that he procured said deed from said Colley to the time of his death, viz., for a period of seven years, he took no steps to collect his said judgment.

"Isaac Dunn died on the —— day of October, in the year 1866, being at the date of his death the owner and in possession of said real estate, under the purchase and deed from said Colley, subject to the lien and payment of his, said Dunn's, judgment, and to pay and satisfy which judgment, he, said Dunn, had purchased, taken and held said real estate from said Colley, to the date of his, said Dunn's, death; said Dunn having failed only to enter satisfaction of his prior judgment on the records of said court of common pleas.

"The defendants Jacob P. Dunn and George Tousey were named executors in the last will of said Isaac Dunn, and after his death were appointed and qualified as such, and continue to act in that capacity. As executors of the last will of said Isaac Dunn, the said executors took no steps for the collection of said Isaac Dunn's judgment, until the 20th day of September, 1872, when they, in violation of the rights of said Gatling, and against the said action and election of said Isaac Dunn, caused an execution to be issued on said judgment of Isaac Dunn, and to be placed in the hands of said defendant Ruckle, sheriff of said county, to be executed, who demanded payment of said judgment, and threatened to execute said writ; and execution has, from time to time, been renewed, and payment demanded; and the said executors, defendants, still demand payment of said judgment, and threaten to enforce the collection thereof, notwithstanding the satisfaction and discharge of said judgment by the action and election of said Isaac Dunn, by and through which said judgment is lawfully satisfied and discharged at the time of and before the decease of said Isaac Dunn.

"The said real estate of said Gatling was, at the time of its purchase by said Colley, and when said Colley deeded it to said Dunn, of the fair cash value of one thousand five

hundred dollars, and more than enough to pay and satisfy said Isaac Dunn's judgment and the said bid of said Colley, as well as the sum paid by said Dunn to said Colley.

"The relief demanded is, that the said execution, or any execution, in the hands of the sheriff, on said Isaac Dunn's judgment, be directed to be returned, and that said Isaac Dunn's judgment be adjudged satisfied, and that it be directed to be entered satisfied in full, either by the defendants, executors, or by some proper person appointed by the court for that purpose, and for other proper relief."

The second paragraph of the complaint is substantially the same as the first, with the additional averments, that after the death of Isaac Dunn, his executors conveyed the land to William Love, with notice; that Love afterwards conveyed the same to Nicholas R. Ruckle, with notice; that Ruckle is in possession; that before the commencement of this suit the appellant tendered to Ruckle the full amount of purchase-money paid at the sheriff's sale, with interest, and demanded of Ruckle a reconveyance of the land to the appellant. Prayer to redeem.

The third paragraph of the complaint is less full in its averments than the second, but in no respect legally different, as far as we can discover.

A separate demurrer, alleging the insufficiency of facts, was sustained to each paragraph of the complaint. The appellant refused to amend, and the court pronounced judgment against him. Exceptions and appeal. The sole question before us is the sufficiency of the several paragraphs of the complaint.

The appellant claims the right, under the first paragraph of his complaint, to have satisfaction of the judgment against him in favor of Isaac Dunn entered of record by decree, according to the first clause of section 452, 2 G. & H. 244, which enacts: "When any property shall be sold subject to liens and incumbrances, the purchaser may pay the liens and incumbrances, and hold the property discharged from all claims of the execution-defendant." He insists that this

clause of the section is not repealed by the act of June 4th, 1861, 2 G. & H. 251, and we think correctly, so far as it affects the right of redemption existing by the general principles of law, and held by one not a party to the judgment on which the sale was made. *Holmes* v. *Bybee*, 34 Ind. 262; *May* v. *Fletcher*, 40 Ind. 575.

But the appellant has not brought himself within the first clause of that section. The complaint contains no direct and traversable averment that Colley, the purchaser at the sheriff's sale, or any of the vendees that held the land subsequently to him, paid or in any way satisfied the judgment of Isaac Dunn, which was a lien on the land at the time of the sale. The allegation that Colley "elected to take and hold said premises subject to said Dunn's judgment, and to pay off and satisfy the same, and hold the said real estate," is not sufficient. It was optional with Colley to pay the lien and hold the land, or not; he could not be compelled to do so; and an election existing merely in mental intention, or even in expressed words, to do an optional act, is not binding. It must be made an accomplished fact, before it can become the foundation of a sufficient averment. The sale of the land afterwards by Colley to Isaac Dunn, with notice, conveyed no more to Dunn than was in Colley; and the averment that Dunn elected to take and hold the land, by discharging the lien to which it was subject, is no better than the one we have just noticed. If the sale of the land by Colley had been to a stranger to the record, it is very clear that it would not have affected Dunn's right to have execution of his judgment, unless the lien was actually paid; and we cannot perceive how Dunn could take any more, less, or different right by his purchase from Colley than if he had been a stranger.

The land is still subject to sale on the judgment in favor of Isaac Dunn. If, when subjected to such sale, it should not sell for enough to pay the judgment of Dunn, he would be entitled to collect the balance due him. It would, therefore, be unjust to compel Dunn to enter satisfaction of his

judgment before such sale was made. If it should sell for more than would pay Dunn's judgment, the surplus could be disposed of according to the rights of the parties concerned.

In our view the first paragraph of the complaint is insufficient.

The appellant's right to redeem under the second and third paragraphs of the complaint must depend upon statute. A mortgagee has the right to redeem until the equity of redemption is foreclosed, and sometimes an incumbrance by mortgage will be maintained separately from the fee, even when both are united in the same person (*Howe* v. *Woodruff*, 12 Ind. 214), and in favor of persons, even after foreclosure, when they have not been made parties to the suit. *Cox* v. *Vickers*, 35 Ind. 27; *McKernan* v. *Neff*, 43 Ind. 503. But there is no common law right to redeem land sold on a judgment at law, when the lien is general. In this case, the appellant insists upon the right to redeem by virtue of the second clause of section 452, above cited, which enacts that the purchaser "may hold the property subject to be redeemed by the execution-defendant, his heirs or assigns, by paying to the purchaser, his heirs or assigns, the purchase-money, with interest."

But is this clause of the section in force? By the first section of the act of June 4th, 1861, 2 G. & H. 251, the owner of real property sold on execution may redeem it "at any time within one year from the date of such sale by paying to the purchaser, his heirs or assigns, or the clerk of the court from which such execution or order of sale was issued, for the use of said purchaser, his heirs or assigns, the purchase-money, with interest thereon at the rate of ten per cent. per annum." The repealing clause of the last act declares, that "all laws and parts of laws coming in conflict with any of the provisions of this act, be and the same are hereby repealed." By the second clause of section 452, the execution-defendant may redeem, without limitation as to time, by paying the purchase-money, with interest, which

means, of course, the legal interest of six per cent. per annum. By the first section of the act of June 4th, the owner of the land may redeem, but is limited to within one year after the sale, by paying the purchase-money, with interest at the rate of ten per cent. per annum. It is plain that the two provisions are in conflict and cannot be construed together. We must, therefore, declare the second clause of section 452 of the code repealed by the act of June 4th, 1861, and give effect to the last expression of the legislative will. The appellant, not having brought his case, by the second and third paragraphs of his complaint, within the provisions of the last act, is not entitled to redeem. The court, therefore, committed no error in sustaining the demurrers to the several paragraphs of the complaint.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.