## STEWART ET AL. *v.* MUSE.

BROKER.—*Action for Damages for Failure to Record Mortgage.—Defence.— Pleading.—Insolvency.*—In an action by the vendor of a dairy, against a broker, who, on behalf of the plaintiff, had negotiated the sale, to recover damages resulting to the plaintiff by reason of the failure of the defendant to have recorded, within the proper time, a mortgage executed by the vendee to the vendor, and delivered to the broker, securing an unpaid balance of the purchase-money, wherein the complaint alleged that the mortgaged property had passed into the hands of an innocent purchaser, that the debt remained due and unpaid, and that the vendee was insolvent, it is no defence to allege, that, while the mortgaged premises remained the unencumbered property of the vendee, the latter had offered to execute a new mortgage to the plaintiff, or to reconvey to him sufficient of the property to indemnify him.

SAME.—*Novation.*—It is no defence in such action, that the vendee, with the plaintiff's knowledge and consent, had sold the premises to one who had assumed to pay the debt; that the plaintiff had novated the debt, by releasing the defendant and accepting the promise of such third person; and that the plaintiff had delayed obtaining a judgment against such third person for the debt, until after the property had been sold to an innocent holder, and until such third person had become insolvent.

SAME.—*Evidence.—Mitigation of Damages.*—If such matters of defence are admissible as evidence in mitigation of damages, they are admissible under the general denial.

From the Marion Superior Court.

*L. Barbour*, for appellants.

*G. W. Spahr, C. P. Jacobs* and *E. H. Terrell*, for appellee.

BIDDLE, J.—Muse, in his complaint against Stewart and Arbuckle, avers, that they were partners, engaged in the real estate business, negotiating paper, etc.; that he employed them to sell a certain dairy; that they sold the dairy to David Bowers, and took, as deferred payments, his promissory notes, amounting to two thousand six hundred dollars, secured by a mortgage on the dairy; that the dairy was afterwards sold to Joseph Collingwood, who was to assume and pay said notes; that the mortgage was executed and delivered, and left with the defendants, to be recorded;

VOL. LXII.—25

that they undertook to have said mortgage recorded within the time prescribed by law, but wrongfully neglected and refused to have the same recorded, although they had been paid for so doing; that Collingwood sold the dairy; that Collingwood and Bowers are both insolvent; and that, by rea·son of said wrongful acts, the plaintiff suffered great loss, and claims judgment for three thousand dollars.

No question is raised upon the sufficiency of the complaint. This brief abstract is given to show the applicability of the answer filed to it, which was:

First, a general denial;

Second, the following special paragraph:

That the plaintiff well knew, as early as the 10th day of March, 1873, that said mortgage was at that time unrecorded; that all the property embraced in it was still unincumbered, and in the hands of Bowers, and remained unincumbered in the hands of Bowers until the —— day of November, 1873, and that said Bowers was ready and willing to secure the plaintiff by giving a new mortgage to the same effect, upon request of the plaintiff, which the plaintiff well knew; that the said Bowers offered to the plaintiff to reconvey to him so much of the property as would indemnify the plaintiff, but the plaintiff refused to receive the same or any part thereof; that, when Bowers sold the dairy to Collingwood, it was still unincumbered, and Bowers offered to the plaintiff to transfer the dairy to him, in satisfaction of·the amount due to the plaintiff, which the plaintiff refused to receive, or any part thereof.

A third paragraph of answer avers many of the same facts alleged in the second, and also that, when Collingwood purchased the dairy of Bowers, the plaintiff novated the debt, by releasing Bowers and taking Collingwood in his stead, who undertook to pay the plaintiff; that, in pursuance of said agreement, Bowers transferred the dairy to Collingwood, which transfer the plaintiff never tried to

prevent; that afterward the plaintiff sued Collingwood, and recovered judgment against him, which could have been collected if suit had been brought sooner; that Collingwood had personal and real estate out of which said debt could have been made, but that the plaintiff failed to enforce his claim against Collingwood.

In a fourth paragraph the defendants aver essentially the same facts as those set up in the second. We do not therefore state it. Indeed, the three special paragraphs are governed by the same legal principle, differing only in the character of their averments.

Demurrers, for the want of facts, alleged and sustained to the second, third and fourth paragraphs of answer, and exceptions reserved.

Neither the second, third, nor fourth paragraph is sufficient, as a bar to the action. Each admits the appellee's right of action, but sets up nothing to avoid it. After the alleged wrong had been accomplished, and the appellee's right had accrued, he was not bound to accept the property from Bowers, nor Collingwood's obligation; and if he did so it was no bar to the action, nor was he bound to pursue Collingwood on the judgment.

After Bowers had sold the dairy to Collingwood, and the plaintiff had lost his lien on the mortgaged property, in consequence of the mortgage not having been recorded, he had no claim upon Bowers or Collingwood, and no remedy except against the appellants; and what Bowers and Collingwood afterward did with the property can not enure to a defence for the appellants. Whether the facts averred in the three special paragraphs, or any of them, might go in mitigation of damages or not, we do not enquire. If they could, they might have been given in evidence under the general denial.

There is no available error in the record.

The judgment is affirmed, at the costs of the appellants.