Locke *et al. v.* The Merchants National Bank.

## LOCKE ET AL. *v.* THE MERCHANTS NATIONAL BANK.

PLEADING.—*Practice.—Common Law.—Demurrer.—Motion.*—Where the defects in a complaint are such as, at common law, could have been reached only by special demurrer, they can be reached, under the code, only by motion, and such complaint is good on demurrer.

SAME.—*Exhibit.—Foundation of Action.—Promissory Note.*—In a suit by a banking corporation, against the proprietors of a private bank, to recover damages sustained by the former through the neglect of the latter to perform their duty in the collection of a note payable at the latter bank, the note is not the foundation of the action, and a copy thereof attached to the complaint as an exhibit forms no part of the complaint.

SAME.—*Plea in Bar.—Bankruptcy.— Mitigation of Damages.*—In such case, a paragraph of answer, admitting the deposit of the note for collection and a failure to protest the same, but alleging the subsequent bankruptcy of the maker of the note, a composition by him with his creditors, without

Locke *et al. v.* The Merchants National Bank.

receiving a discharge, and his then ownership of valuable property, constituted no bar to the plaintiff's cause of action ; and the facts alleged were available, if at all, only in mitigation of damages.

SAME.—*Existence of Bank put in Issue by General Denial.*—An answer of general denial in such case puts in issue the existence of the bank mentioned in the note.

SAME.—*Harmless Error.*—It is a harmless error to sustain a demurrer to a paragraph of answer, when the facts alleged therein could be and were given in evidence under other paragraphs of such answer.

SAME.— *Waiver, by Trial without Issue.- Judgment on Pleadings.*—Where a defendant goes to trial without an issue on his answer, he waives issue and is not entitled to a judgment on the pleadings for the want of a denial or avoidance of such matters.

SPECIAL VERDICT.— *Venire de Novo.*—The facts involved in the finding of a special verdict are evidentiary and inferential.   It is the duty of the jury to consider the evidentiary facts, but to find the inferential facts ; and if the special verdict shows upon its face that the jury found the evidentiary facts, but not the inferential, the verdict is ill, because it shows that the jury ought to have found other facts, namely, the inferential. The jury should not find the evidence but the facts, that is, the inferential facts.

SAME.—*Failure of Bank to give Notice of Non-Payment of Note Payable in Bank.*—When the proprietors of a bank are sued for failing to give notice of the dishonor of a note left with them for collection, and the material issue in the cause is as to whether due notice was given to the plaintiff of the dishonor of such note, a special verdict, which does not find that due notice was given, or facts from which the court can pass upon it as a question of law, is not sufficient to enable the court to render judgment upon it, and a *venire facias de novo* should be granted.

SAME.—*Abbreviation.—Evidence.*—A promissory note "payable at Citz. Bank, Noblesville, Ind.," is a note payable at " Citizens Bank," etc., and if the jury might have so found upon it, such note was admissible in evidence in such case.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts, D. Moss* and *T. J. Kane,* for appellants.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

PERKINS, J.—This was an action, known at common law as an action on the case, by the appellee against the appellants. to recover from the latter damages sustained by the former, through the neglect of the latter to discharge their

obligations in the collection of a note, of which the following is a copy :

"$200.                    NOBLESVILLE, Ind., Dec. 20th, 1875.

"Thirty days after date, I promise to pay to the order of Fuller, Childs & Co., two hundred dollars, value received, without any relief from valuation or appraisement laws of the State of Indiana, with interest at ten per cent. per annum from date until paid. If this note be collected by suit, the judgment shall include the reasonable fee for plaintiff's attorney. Payable at Citz. Bank, Noblesville, Ind.                                    R. H. DAVIDSON."

Endorsed : "FULLER, CHILDS & Co."

The complaint alleges that the note was payable at the Citizens Bank, Noblesville, Indiana, a private bank, owned and managed by the appellants, Locke and Bonebrake; that it was endorsed before due, to the appellee, The Merchants National Bank, of Toledo, Ohio, and was transmitted by that bank, before due, to said Citizens Bank of Noblesville, for demand, protest and notice, etc., which said latter bank neglected to cause to be done; that it failed to notify the plaintiff, appellee, or any of the endorsers of said note; whereby the appellee lost, etc.

Demurrer to the complaint, for want of sufficient facts, overruled, and exception entered.

Answer in five paragraphs. Demurrers to the third and fifth sustained, and exceptions entered.

The remaining paragraphs were :

1. General denial.

2. And for a second paragraph, defendants say they admit the deposit with them for collection of the said note; that they did not protest the same; but they say that heretofore, to wit, on the 7th day of February, 1876, Richard H. Davidson, the maker of said note, filed his voluntary petition in bankruptcy, in the District Court of the United States for the district of Indiana; that after-

ward, on the 14th day of March, 1876, said Davidson filed in said court his written proposal for a composition with his creditors, in pursuance of section 5103 of the bankrupt law, and that such proceedings were had thereon that, on the 23d day of May, 1876, said proposed composition was confirmed, and no discharge was ever granted to said Davidson ; that the plaintiff never filed said claim in the bankrupt court, and never accepted the provisions of said composition, and that said Davidson is now the owner of real estate of the value of two thousand dollars, etc.

The fourth paragraph is not materially different from the second.

Reply to the second and fourth paragraphs of answer: "That the plaintiff," appellee, "is a foreign corporation, doing business in the city of Toledo, Ohio ; that the endorsers on the note, Fuller, Childs & Co., are also residents of said city of Toledo, and are solvent and responsible ; that, by the failure and negligence of the defendants in giving said endorsers or the plaintiff due or legal notice of the non-payment of the note, they have thereby deprived the plaintiff of all legal recourse against endorsers," etc.

The defendants filed a motion as follows :

" The defendants move the court for a judgment in their favor on the pleadings, for the reason that the second and fourth paragraphs of answer are composed wholly of material allegations of new matter, which are not specifically controverted by the reply."

Motion overruled ; exception ; trial by jury.

No general, but the following special, verdict was returned, viz. :

" We, the jury, return the following special verdict in the above cause:

"1.   We find that the note, a correct copy of which is filed with the complaint, was executed by R. H. Davidson to Fuller, Childs & Co., of Toledo, Ohio, and was payable at the Citizens Bank, Noblesville, Indiana.

" 2. That, before the maturity of said note, said Fuller, Childs & Co., for a full and valuable consideration, transferred the same to the plaintiff, by their endorsement in writing on the back thereof.

" 3. After purchasing said note, the plaintiff, on the thirteenth day of January, 1876, sent the same to the defendants, who were the proprietors of the Citizens Bank, for collection.

" 4. Defendants received it before maturity, and, as plaintiff's agents, demanded payment of said R. H. Davidson; said Davidson failed to pay it.

" 5. Defendants and Davidson live in the town of Noblesville, Indiana, and the plaintiff and said Fuller, Childs & Co. reside and do business in the city of Toledo, State of Ohio.

" 6. The defendants, after said Davidson failed to pay said note, failed and omitted to send said Fuller, Childs & Co. any notice of the non-payment of said note, and failed to have the same protested for non-payment.

" 7. That the plaintiff, after receiving said note, immediately demanded payment of the same from said Fuller, Childs & Co., who were and have been solvent for more than two years last past.

" 8. That said Fuller, Childs & Co. refused to pay said note for the reason that they had received no notice of the non-payment of said note, and were, therefore, no longer liable on their endorsement of the same.

" 9. That the amount now due on said note to the plaintiff is $221.48-100, principal and interest.

" 10. That on the 7th day of February, 1876, said Davidson filed his voluntary petition in bankruptcy, and, on the 23d day of May following, effected a composition with his creditors, which composition was duly approved by the bankrupt court, by the terms of which he was to pay his said creditors fifty cents on the dollar in full of their claims.

" 11. That the plaintiff and said Fuller, Childs & Co. had notice of said composition proceedings.

" 12. That the defendants received said note for collection, and recognized the same as payable at their said bank

" 13. That no part of said note has been paid by any one.

" 14. That, on the 29th day of January, the plaintiff received a letter from the defendants, inclosing said note which was the first notice the plaintiff had of the non-payment of said note.

" 15. If, upon the foregoing facts, the law is for the plaintiff, we find for the plaintiff and assess his damages at two hundred and twenty-one dollars and forty-eight cents.

" 16. If the law is with the defendants, then we find for the defendants."

The defendants moved for a *venire de novo* for the reasons:

" 1. That said verdict does not purport to contain all the material facts given in evidence or proven on the trial of said cause;

" 2. That said verdict does not show that other material facts, not returned in it, were not proven on said trial;

" 3. That said verdict does not embrace, nor purport to embrace, findings on all the issues in said cause;

" 4. That said verdict does not embrace a finding of the time the defendants placed the note mentioned in the complaint, and notice of its non-payment, in a properly sealed envelope, in the post-office of said town of Noblesville, for transmission to the plaintiff by due course of mail;

" 5. That the said verdict does not embrace a finding upon the issues joined on the second paragraph of the defendants' answer; and,

" 6. That the said verdict does not embrace a finding upon the issues joined upon the fourth paragraph of the defendants' answer."

The motion was overruled and exception reserved.

A motion for a new trial followed, on account of errors alleged to have occurred at the trial, and because the verdict was contrary to law and unsustained by the evidence; which motion was overruled.

The defendants then moved for judgment in their favor, on the special findings, but the motion was overruled, and they excepted; and thereupon the court rendered judgment, " That the plaintiff recover of the defendants the sum of one hundred and ten dollars and seventy-four cents, the one-half of the sum found by the jury to be due to the plaintiff," etc. See, as to this judgment, *Bowles* v. *Stout*, 60 Ind. 267.

Appeal by the defendants to the Supreme Court.

The assignment of errors is as follows:

" 1. The court erred in overruling the demurrer to the complaint;

" 2. The court erred in sustaining the demurrer to the third paragraph of the answer;

" 3. The court erred in overruling appellants' motion for judgment in their favor on the pleadings;

" 4. The court erred in overruling the motion for a *venire de novo;*

" 5. The court erred in overruling the motion for a new trial;

" 6. The court erred in overruling appellants' motion for judgment in their favor on the verdict of the jury;

" 7. The court erred in rendering judgment for the appellee and against the appellants, on the special verdict of the jury; and,

" 8. The court erred in its decision in rendering judgment on the special verdict of the jury."

We consider the alleged errors assigned in the order of their assignment.

1. The complaint was sufficient on demurrer. If it had any defects, they were such as, at common law, would not

have been reached by general, but only by special, demurrer; and, under the code, such defects are reached only by motion. *Sibbitt* v. *Stryker*, 62 Ind. 41.

The complaint was not upon the note, and making a copy of the note an exhibit did not make it a part of the complaint. *Schori* v. *Stephens*, 62 Ind. 441.

2. If the court erred in sustaining the demurrer to the third paragraph of answer, which we do not decide, the error was a harmless one, as the matter of that paragraph, so far as well pleaded, could have been, and was, given in evidence under other paragraphs of the answer. *The Toledo, etc., R. W. Co.* v. *Craft*, 62 Ind. 390.

The plaintiff, under the general denial, was bound to prove the existence of the bank mentioned in the note. The paragraph did not allege the time of mailing the letter returning the note. The demurrer was several to the paragraphs of answer. *Cain* v. *Hunt*, 41 Ind. 466.

3. The defendant was not entitled to judgment on the pleadings. The second and fourth paragraphs of the answer were neither of them a bar to the cause of action. They alleged matters in mitigation of damages only, if they were available for that—a point we do not decide. Matter in mitigation could have been given in evidence under the general denial. *Stewart* v. *Muse*, 62 Ind. 385.

Had the paragraphs of answer contained matters constituting a bar to the action, it would have been incumbent on the plaintiff, at common law, to have denied or avoided them. If he did neither, the defendants might have been entitled to judgment on the pleadings. Stephen Plead., Tyler's ed., 126–7; *Cox* v. *Vickers*, 35 Ind. 27; *Train* v. *Gridley*, 36 Ind. 241; 2 R. S. 1876, p. 186, sec. 372. But in this State going to trial without an issue is held a waiver.

A *venire de novo* is not provided for in the code of practice. *Shaw* v. *The Merchants National Bank*, 60 Ind.

83. *Witham* v. *Earl of Derby*, 1 Wils. 48, is the leading case touching this writ at common law. Lord Chief Justice WILLES, in the opinion of the court, in that case, says:

The writ " can only be granted in one or other of these two cases; as 1st, if it appear upon the face of the verdict, that the verdict is so imperfect that no judgment can be given upon it; 2ly, where it appears that the jury ought to have found other facts differently, and it can not be granted in any other case; the best way of explaining these rules, will be by instances, and I will mention two, upon the head of imperfect verdicts; *The Mayor and Corporation of Shrewsbury* v. *Corbett Kinaston*, about six years ago : that was a *mandamus*, whereupon there were pleadings to issue, a special verdict was found, and error brought, and it was insisted that neither upon the verdict, nor judgment, was there any damages taken, and therefore that it was so imperfect that a *ve. fa. de novo* must be awarded; the next instance was *Chalie* v. *Haswell* in February or March, 1740, which was a prosecution for selling wine by retail, and upon the first opening it was found there must be a *ve. fa. de novo*, because of the imperfection of the verdict, the act of Parliament it was founded upon having particularly mentioned retail measure, as quart, gallon, etc., and the verdict only found that he sold wine by bottles, without taking any notice of the measures in the statute, which was so imperfect, that the court could not give any judgment upon it, for nobody could pretend to say of what measure the bottles were : as to the second head, where it appears upon the face of the record itself, that the jury ought to have found otherwise ; I will likewise mention two instances, indeed not of so high authority as the other cases, but such as are undeniable ; the first is in an action of trover ; if the jury find a special verdict that the goods were demanded of the de-

fendant by the plaintiff, and defendant refused to deliver them, a *ve. fa. de novo* ought to go, because the jury have found only the evidence of a fact, which they ought to have determined, for demand and refusal are only evidence of a conversion, and they ought to have found a conversion. The second instance upon this head is, the case of the *Corporation of Maidstone* about the year 1738 or 1739, in B. R.; there the jury found the evidence of a fact, which shewed they ought to have found the fact itself."

It thus appears that the facts involved in the finding of a special verdict are divided into two classes—evidentiary facts and inferential facts ; that it is the duty of the jury to consider the evidentiary facts, but to find the inferential facts ; and if the special verdict shows upon its face that the jury found the evidentiary, but not the inferential facts, the verdict is ill, because it shows that the jury ought to have found other facts, viz., the inferential.

It has often been decided by this court that the jury should not find the evidence, but the facts ;—by which is meant the inferential facts.

Tested by the foregoing rules, the special verdict in the case at bar was obnoxious to both the objections stated by Lord Chief Justice WILLES.

We will not extend this opinion, by definitely pointing out but one. We will observe that this court, in practice, may not always have adhered rigidly to the rules laid down in *Witham* v. *Earl of Derby, supra,* though we claim to follow the English practice.

In *Whitworth* v. *Ballard,* 56 Ind. 279, it is said : " When a verdict, either general or special, is imperfect by reason of some defect, uncertainty or ambiguity upon the face of the record, or by not finding upon all the issues, or by not assessing damages, the proper motion is for a *venire facias de novo.*" Our cases are cited. See, also, *Anderson* v. *Donnell, ante,* p. 150.

In this case, the proprietors of the Citizens Bank of Noblesville, Indiana, were sued on account of their failing to give notice of the dishonor of a note left with them for collection. And the question arises, to whom and how should notice have been given? In 1 Daniel on Negotiable Instruments, p. 246, sec. 331, it is said:

" Sometimes a bank holding indorsed paper for collection sends notice in the event of its dishonor to the indorser from whom it was received. Sometimes it sends notices not only to him, but also to the drawers and to all the indorsers, addressed to their post-offices, or delivered at their places of business, respectively. Sometimes it encloses notices for all the parties entitled thereto under one envelope in company with notice to the last indorser, that he may thus be conveniently supplied with the means of transmitting notice to the successive indorsers, and to the drawer antecedent to him, if such there be. But how far the duty of the bank extends in this regard, and what it must do to discharge itself of liability is a question upon which opinion has divided. The weight of authority, however, is strongly to the effect, and the law may be assumed to be, that it is only necessary for the bank to notify its immediate predecessor, that is, the party from whom it received the paper, no matter what may be the nature of the title or interest of that party to or in it. But special circumstances may vary this general principle. Thus an agreement between the bank and its principal may vary it. So also may a usage of the collecting bank."

Authorities are cited sustaining the propositions asserted.

As to the mode of transmitting notice, Byles on Bills, 6th ed., side p. 277, says:

" Putting a letter into the post is the most common and the safest mode of giving notice. It is not necessary to prove that the letter was received, and any miscarriage will not prejudice the party giving notice."

Protest was not important in this case. Demand and notice sufficed. 2 Daniel Negotiable Instruments, sec. 926 ; Byles Bills, 256.

One of the issues in the cause, and the material one, was whether the appellants gave due notice to the appellee of the dishonor of the note in question in this suit. Without a finding on that issue, the court could not render judgment on the special verdict. The jury found that the appellee received a letter conveying the dishonored note to them, on the 29th day of January. That was an evidentiary fact, tending to prove that before that time the appellants had written the letter, but it did not show when the letter was mailed, nor its contents ; and we have seen, that, if the appellants mailed a properly drafted letter in due time, that constituted notice, whether it was ever received or not by the appellee. The jury did not find the fact of due notice given, or otherwise, nor facts from which the court could pass upon it as a question of law. The special verdict was not sufficient to enable the court to render judgment upon it. The *ve. fa. de novo* should have been issued. See *The Gazette Printing Co.* v. *Morss*, 60 Ind. 153.

One other question is made, which, as it will arise upon another trial, we deem it proper to decide, and that is this : Is the note set forth in the complaint a commercial note? that is, does it appear to be payable at a certain existing bank? It seems to us that the abbreviation " Citz." plainly means Citizens, and that the note appeared to be payable at the existing Citizens Bank of Noblesville, Indiana. If the jury might so have found upon it, then it seems to us it was admissible in evidence.

In *Miller* v. *Powers*, 16 Ind. 410, it was decided that the court, sitting as a jury, might infer from the face of a note payable " at the Br. at Fort Wayne of the Bk. of the State of Indiana," that it was intended to be made pay-

able " at the Branch at Fort Wayne of the Bank of the State of Indiana." See *Parkinson* v. *Finch*, 45 Ind. 122.

It is not necessary that we should notice any other question in the cause.

The judgment is reversed, with costs, and the cause is remanded for further proceedings in accordance with this opinion.