Hessong v. Pressley, Sheriff.

No. 9559.

HESSONG *v.* PRESSLEY, SHERIFF.

SHERIFF.—*Failure to Levy Execution.*—*Special Findings.*—*Evidence.*—*Conclusions of Law.*—*Exception.*—Where the court, finding the facts specially, in an action against a sheriff for failure to levy an execution, finds that the sheriff made a certain return to an execution, and copies such return, this is not a finding of the facts stated in the return, but merely a finding of evidence, and an exception to conclusions of law, which exception is good only if the facts stated in the return are true, should be overruled.

SAME.—*Nominal Damages.*—A sheriff, having for service several executions

against a party who has goods subject to levy, but not sufficient to satisfy the senior writs, is liable to the plaintiff in the junior writ for failure to levy, but for nominal damages only.

SAME.—*Return.*—*Evidence.*—Facts stated by a sheriff in his return to an execution, as a reason why he did not levy, are not to be deemed conclusively true even as against the sheriff himself.

From the Superior Court of Marion County.

*I. Klingensmith,* for appellant.

*W. W. Herod* and *F. Winter,* for appellee.

FRANKLIN, C.—Appellant sued appellee as sheriff of Marion county for failing to levy an execution. The cause was tried before the court. At the request of the plaintiff the court made a special finding, and stated its conclusions of law, in favor of the plaintiff, for nominal damages, and rendered judgment accordingly. The plaintiff excepted to the conclusions of law, and appealed to the general term of the court, assigning as error the overruling of his exceptions to the conclusions of law. The court at general term affirmed the decision of the court at special term, and the plaintiff appealed to this court, assigning as error the affirmance of the judgment in general term.

The special finding of facts is substantially as follows: That the defendant at the time was sheriff of Marion county, Indiana; that the plaintiff recovered a judgment on the 15th day of January, 1878, in the superior court of said county, against one Thomas Schooley for the sum of $1,078.92, and costs; that he caused execution to be issued on the same on the 23d day of January, 1878, which came to the hands of the defendant on the 24th day of January, 1878; that the defendant, at the time of receiving said execution in favor of the plaintiff, already had in his hands, as such sheriff, other executions against said Thomas Schooley in favor of other parties, for the various sums therein named, aggregating the sum of $6,163.78; that during the lifetime of said executions, including the plaintiff's, said Schooley was the owner of personal property, in said county, of the value of $1,895, which fact

was known to said Pressley, but that he omitted to levy the plaintiff's execution as aforesaid, although often requested to do so, or to levy either of said prior executions upon said personal property, or any part thereof, before the return day of said executions, and suffered the same to expire, and returned the same, including the said plaintiff's execution, at the dates therein following, with the returns thereon endorsed respectively. Then follow copies of the respective returns, with a statement of fact to each that it was renewed; that said Schooley remained in the possession of all of said property until the month of September, 1878, when he sold a part thereof for the sum of $800, which he appropriated to his own use. The residue of said property remained in his possession until the 2d day of October, 1878, when the defendant herein levied upon the same by virtue of an execution against said Schooley in favor of one Joshua Zimmerman, which came to the hands of said sheriff on the 4th day of April, 1878, and sold the same, under said execution, on the 22d day of October, 1878, realizing therefor the sum of $800, which said sheriff applied to the payment of said Zimmerman execution and a decree of foreclosure in favor of one William H. English against said Schooley, which had come to the hands of said sheriff on the 20th day of April, 1878, and which provided that any balance remaining unpaid thereon after the sale of the mortgaged premises should be levied of any other property belonging to said Schooley subject to execution. Then the returns of the sheriff on said Zimmerman and English writs are set out *verbatim:* "And upon these facts the court states, as a conclusion of law, that, had the sheriff levied the plaintiff's execution, and collected money thereon, it would have been his duty to have applied such money upon the senior executions, and such application would have exhausted all of the money that could have been realized upon such execution from the property of said Schooley; that of such application to the senior executions, had levy and sale been made, the plaintiff herein would have

had no cause to complain, and, therefore, the plaintiff has suffered no more, at most, than nominal damages."

As an objection to these conclusions of law, it is insisted by appellant's counsel that the oldest execution in favor of Ridenour for $399.35 was all paid off but $10, and that all the other senior executions, to wit, *Scott v. Schooley, Holmes v. Schooley, Dawson v. Schooley,* and *First National Bank v. Schooley,* were each dormant, held by the sheriff under orders from the plaintiffs not to levy, and, as to the plaintiff, they were not senior.

There is no fact stated in the court's special findings as to any part of the Ridenour judgment having been paid. Nor is there anything therein stated as a fact in the case, showing that either of the senior execution plaintiffs had directed the sheriff not to levy his execution. But it is claimed by appellant that the return of the sheriff endorsed on the Ridenour execution shows payments made thereon; that the return endorsed upon the Scott execution shows that the sheriff, " having held this writ by order of the assignee of the judgment herein, until the time for return having expired, the same is now returned to be renewed;" that the return on the Holmes execution shows that "this writ is now returned by order of the plaintiff's attorneys. See order on back. Endorsed, 'Return this. DYE & HARRIS.'"

The return on the Dawson execution shows that "the same is now returned to be renewed, the same having been held by order of the assignee."

The return on the First National Bank execution shows that " the time allowed by law for the return of this writ having expired, the same is now returned to be renewed, the same having been held by order of the plaintiff."

These respective executions were for the following amounts: The one in favor of Scott, $2,208.87; Holmes, $388.15; Dawson, $902.32; Bank, $2,165.09; Ridenour, $399.35, with interest and costs added to each.

If these returns were considered proper parts of the state-

ment of the findings of special facts, it is very questionable whether they amount to orders or directions not to levy, so as to make the executions dormant. To " hold " here literally means to keep, retain possession of, until the return day. But we do not think these returns constitute proper parts of the statement of facts. They at most are only evidentiary facts, without any findings by the court as to their truth, or the facts inferred therefrom. The law requires the facts to be stated, and not the evidence. *Tousey* v. *Lockwood*, 30 Ind. 153; *Kealing* v. *Vansickle*, 74 Ind. 529 (39 Am. R. 101); *Locke* v. *Merchants Nat. Bank*, 66 Ind. 353; *Parker* v. *Hubble*, 75 Ind. 580; *Woodfill* v. *Patton*, 76 Ind. 575 (40 Am. R. 269). Facts not found are presumed not to be proved. *Ex parte Walls*, 73 Ind. 95; *Talburt* v. *Berkshire L. Ins. Co.*, 80 Ind. 434.

But it is claimed that the facts stated in these returns are conclusive—that they are to be considered as true, and have the same effect as if found to be true by the court. This court has held otherwise, and we think correctly so.

In the case of *Lindley* v. *Kelley*, 42 Ind. 294, it is said: " The return of an officer on an execution can only be evidence of the facts as between the parties, when the facts stated are official acts done in the ordinary and usual course of proceedings. Matters of opinion or excuse for failure to perform a duty can not be made evidence by stating them in the return, but must be proved on trial."

In the case of *Splahn* v. *Gillespie*, 48 Ind. 397, pp. 407–8, it was held that "a return is conclusive against the officer who makes it, and is *prima facie* evidence in his favor. * * The return of an officer on *mesne* or final process can be evidence of the facts stated therein, only when the facts recited are official acts done in the ordinary and usual course of proceedings. Matters of opinion or excuse for failure to perform a duty can not be made evidence by stating them in the return, but must be proved on the trial." See authorities cited in support thereof. If it were otherwise, and the return held con-

clusive, a sheriff could · always relieve himself from liability for his laches of official duty in relation to executions.

An exception to the conclusions of law only brings in review the rulings of the court upon the findings of the facts as having been proved, and not upon mere copies, statements or findings of the evidence. The contents of the sheriff's statements in his returns can not be considered as facts found by the court, when the court has not found anything in relation to them.

We do not think that the contents of these returns constitute any part of the inferential facts found by the court, and that they can not be considered under an exception to the conclusions of law. Objections to the findings must be taken advantage of otherwise than by exceptions to the conclusions of law.

If the prior executions were not paid nor dormant, the fact that they held a prior lien upon Schooley's property is not controverted; and it is clear that plaintiff did not sustain more than nominal damages by the non-levy and sale under his execution; and there was no error in the affirmance of the judgment.

The judgment of the general term ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion that the judgment of the general term of the court below be and it is in all things affirmed, with costs.   .