Filed May 7, 1884.

---

No. 6711.

THE STATE, EX REL. CLARK ET AL., *v.* CISNEY ET AL.

SHERIFF.—*Action on Bond.—Failure to Satisfy Execution.— Complaint.*—In an action by an execution plaintiff, on a sheriff's bond, for his failure to apply on the execution certain money made by sale of the debtor's property on simultaneous executions, the complaint, after setting out the bond, judgment, execution, levy and sale, alleged that the sheriff had "failed and refused to apply said money or any part thereof, toward the satisfaction of said execution," etc.

*Held,* on demurrer, that the averment quoted negatives the idea that such money had been paid to the clerk, and is sufficient.

SAME.—*Simultaneous Executions.— Priority.— Judgment.— Time.—* Where a number of judgments are rendered by a circuit court against the same defendant, on the same day, are duly signed on the next day, and, upon

præcipes filed in immediate succession, executions are issued in like manner by the clerk, the issuing is but one transaction and no priority exists.

SAME.—*Evidence.*—*Harmless Error.*—Where, in such action, his returns show that several of the executions came to his hand at one time, and the others at a subsequent time, it is not competent, and it would be no defence, for him to prove that, in fact, all of such executions came to him successively, as thus issued, but error in admitting such proof, being in favor of the plaintiff, is one of which the latter can not be heard to complain.

SAME.—*Contradicting Return.*—A sheriff may not, but others than his sureties may, contradict such returns.

From the Wabash Circuit Court.

*R. S. Taylor* and *S. L. Morris,* for appellants.

*W. S. Marshall,* for appellees.

FRANKLIN, C.—This is a suit on a sheriff's bond. The facts out of which it grew are briefly these: On the 16th day of November, 1869, ten judgments were rendered in the Kosciusko Circuit Court against C. W. Card & Bro., amounting in the aggregate to $19,150.58. One of them was in favor of the relators, and was for $6,809.75. On the following day executions were issued on all the judgments and placed in the hands of the appellee James. H. Cisney, who was the sheriff of the county. He levied all the executions at once, on a stock of merchandise, which he sold for $6,000. He applied the proceeds so as to pay six of the executions in full, one in part, and upon three, including that in favor of relators, he paid nothing. The returns made by the sheriff show that six of the executions came to his hands at thirteen minutes before three o'clock P. M. of the 17th day of November, 1869, and the others at twelve minutes before three P. M. of the same day. The proceeds of the sale were applied first to satisfy in full the six executions that came to hand at thirteen minutes before three o'clock. There then remained a surplus of $2,013.18, which the sheriff applied wholly on one of the executions that came to hand at twelve minutes to three. The claim made by relators is:

1. That the whole fund should have been distributed *pro rata* among the ten executions; or,

2. If the minute of time that intervened between the delivery of the six and the four gave a priority to the six, the surplus, after paying them in full, should have been distributed *pro rata* among the four.

The theory of the defence was that the returns did not state the true time of the delivery of any of the executions; that they were all delivered within a space of one minute, but consecutively; that the sheriff preserved a knowledge of the exact order of delivery, and was entitled to pay and did pay them in that order.

The question thus presented appears in various forms in the record. But before reaching the main question in dispute, there is a preliminary question arising upon the pleadings.

A demurrer was sustained to the second paragraph of the complaint, which is the first error complained of. That paragraph is a general one, setting up the bond, the judgment, execution, levy under it, sale, and "that the said Cisney has failed and refused to apply said sum of money received by him from said sale, or any part thereof, toward the satisfaction of said execution, and has refused to pay the same or any part thereof to said relators, although often requested thereto by them."

The objections to this paragraph of the complaint are, that the sheriff might have paid the money to the clerk, and that there was no special demand for the money averred. These objections are not well founded; the sheriff had no right to pay the money to the clerk; he might have returned it to the clerk with the execution, as so much money made by and applied upon the execution. The averment that he "refused to apply said sum of money or any part thereof received by him from said sale, toward the satisfaction of said execution," negatives the idea of any such payment to the clerk. And the averment that "he refused to pay the same or any part

The State, *ex rel.* Clark *et al.*, *v.* Cisney *et al.*

thereof to said relators, although often requested thereto by them," is sufficient.

We see no good objection to this paragraph of the complaint. The court erred in sustaining the demurrer to it. Although the judgment must be reversed for the error in ruling upon the demurrer to the second paragraph of the complaint, still, as there is very little if any substantial controversy about the facts, it is desirable to have the law as applicable to them settled, and we proceed to an examination of the real controversy.

The question is first presented by a demurrer to the second paragraph of the answer. The substantial averment of that paragraph was, that the executions were not delivered at the times mentioned in the returns, but in a certain order, with an "appreciable space of time" between, and the money was applied in the same order.

The objection to this paragraph of answer is that the sheriff was bound by his returns as to the times when the executions came to his hands, and that upon the facts stated in the answer, together with the averments of the complaint not denied in it, it is insisted that the money should have been distributed *pro rata.*

The third paragraph of the answer sets up matters in estoppel, which perhaps are sufficiently pleaded and are left to depend upon the proof, which we do not discuss in considering this question.

In the various reasons assigned for a new trial, objections are made to the defendants introducing parol testimony to prove the times when the various executions were delivered by the clerk to the sheriff, and the order in which they were delivered.

The question is further presented by instructions asked and refused, among which the seventeenth was to the effect that in the case of a number of judgments taken in one day, followed by orders for execution written in the præcipe-book next day, and all brought to the notice of the clerk for the first

time at once, and by executions all issued, signed and dock-
eted before the delivery of any, and by a delivery to the sher-
iff in one parcel, or in two parcels, or one by one, as rapidly
as the sheriff could receive them, all the plaintiffs must be
deemed to have exercised the highest diligence recognized by
the law, and all would stand on the same footing. The
eighteenth was to the effect that the sheriff's returns were
conclusive as against him, and could not be contradicted by
him in this action. The same question is thus substantially
presented by the demurrer to the second paragraph of the an-
swer, the objection to the introduction of testimony, and the
refusal to give instructions.asked.

Here were ten judgments rendered on the same day. The
presumption is that upon the reading of the record next morn-
ing in court, all the records were signed at the same time.
Before the signing of the record by the judge, no execution
could issue upon any one of them. In the forenoon of the
day of signing the record, præcipes were filed with the clerk
for executions on each and all of the judgments; in the after-
noon of the same day, the clerk issued executions on each and
all the said judgments, and he delivered them to the sheriff in
immediate succession in the order of the præcipes upon the
præcipe-docket. The sheriff endorsed six of them as coming
to hand at a certain minute, and the other four as coming to
hand the succeeding minute. The judgment plaintiffs had
each and all exercised the highest degree of diligence, in hav-
ing each and all of their præcipes filed directly after the judg-
ments were signed by the judge, and before execution had
been issued upon any one of them. The præcipes could not
all be written upon the docket at the same precise time; one
had to follow another. The executions could not all be is-
sued at the same precise time, but the clerk could issue them
one after another in immediate succession, so as to make the
issuing of the whole lot of executions one transaction. But
he might have delivered all the executions in one bundle to
the sheriff at precisely the same time, and the sheriff could

afterwards have endorsed the executions one after another, but all of precisely the same time of receiving; and, although the clerk delivered the executions one after another to the sheriff in immediate succession, we do not think that is sufficient to create a difference in the time of delivery, so as to give one a preference over another, but the delivery of all the executions to the sheriff ought to be regarded as one transaction, and that they were all delivered at the same time.

We do not see wherein the parol proof under the answer, if it were admissible, benefited appellees or injured appellants. But, as before stated, six of these executions were endorsed by the sheriff, "Come to hand at thirteen minutes before 3 P. M.," and four of them, "Come to hand at twelve minutes before 3 P. M." These endorsements purport to fix the time of delivery precisely. Twelve minutes before three is a point of time, not a space of time. If the sheriff's endorsements were true, four of these executions came to his hand at exactly the same instant of time, and became cocqual liens. While the returns of a sheriff may be contradicted by others in certain cases, as to all matters required by law, in the usual course of official business, they are conclusive against the sheriff. *Lindley* v. *Kelley,* 42 Ind. 294; *Splahn* v. *Gillespie,* 48 Ind. 397; *Stockton* v. *Stockton,* 59 Ind. 574; *Hessong* v. *Pressley,* 86 Ind. 555; *Gregg* v. *Strange,* 3 Ind. 366.

If the returns made a preference in favor of the lot of six over the lot of four, then, as to the four executions endorsed by the sheriff, "Come to hand twelve minutes before 3 P. M.," the sheriff could not allege, and would not be permitted to prove, that they did not all come to his hand at the same time, so as to give either one of them a preference over either one or all of the other three.

This action was commenced in the court below thirteen years ago, and has been pending in this court on appeal over six years. The delays have been by agreement of counsel, based upon pending propositions for compromise. But, not-

withstanding the delays, a new trial is necessary before the case can be finally determined by litigation.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellees' costs, and that the cause be remanded, with instructions to the court below to over-rule the demurrer to the second paragraph of the complaint, and for further proceedings.

