Stockton *et al. v.* Stockton.

---

## STOCKTON ET AL. *v.* STOCKTON.

**SHERIFF'S SALE.—***Return on Execution can not be Contradicted.—Evidence.—* A party to an execution, or one claiming under him, can not contradict the official recitals contained in the sheriff's return thereon, except in an action against the sheriff for making a false return.

SAME.—*Action to Set Aside Sheriff's Sale of Real Estate.*—A judgment-defendant, or one claiming under him by purchase after the levy of an execution against him, can not have a sheriff's sale of real estate on such execution set aside, on the ground that the judgment-defendant, at the time of such levy and sale, was the owner of, and offered to the sheriff for levy and sale, personal property sufficient to satisfy such execution, where the sheriff's return thereon recites that no personal property could be found to levy on.

SAME.—*Record.*—A sheriff's return on an execution "shall be taken and deemed to be a record," and can not be contradicted by parol evidence.

From the Carroll Circuit Court.

*J. M. LaRue* and *J. Levering,* for appellants.

*L. Sims, E. A. Greenlee* and *Stewart & Sims,* for appellee.

HOWK, J.—This action was brought by the appellee, as plaintiff, against the appellants, as defendants, in the Tippecanoe Civil Circuit Court, to set aside a sheriff's sale of certain real estate, in Tippecanoe county, Indiana.

The appellee claimed title to the real estate in question, under and by virtue of a deed of conveyance executed to her on the 13th day of February, 1874, by one Joseph S. Stockton.

It appears from appellee's complaint, that, about the 1st day of March, 1874, the sheriff of said county, under and by virtue of an execution, then in his hands, issued to him on the 8th day of December, 1873, in favor of the appellants, and against said Joseph S. Stockton, by the appellants' direction, levied upon the said real estate, and, having advertised the same, afterward, on the 28th day of March, 1874, sold the said real estate to the appellants, on their bid, and issued to them a certificate of said sale.

In her complaint, the appellee alleged the following grounds or reasons for setting aside and vacating the said sheriff's sale to the appellants, to wit: " That, at the time the said execution in favor of these defendants was issued, as well as at the time of the levy on said real estate under it, and at the time of the sale of said real estate

under said execution, the said Joseph S. Stockton was the owner of, and had, and still had, in his possession, personal property, in the county of Tippecanoe, subject to said execution, of the value of five thousand dollars; that the same was known by these defendants, as also to the sheriff, and was offered to said sheriff to be levied on, under said execution in favor of these defendants, by said sheriff, prior to the levy and sale of said real estate; and the plaintiff charges, that, by the order of these defendants in the premises, the said sheriff declined and refused to receive said personal property, and levy thereon, under said execution. Plaintiff further avers, that said Joseph S. Stockton had other real estate in said Tippecanoe county, unincumbered, of the value of six thousand dollars, which he offered to designate, and was willing and desired the same should be levied on, and first sold, to pay and satisfy said execution," setting out a particular description of said real estate. And the appellee then averred, that said personal property of said Joseph S. Stockton, offered to the sheriff, together with his unincumbered real estate, was more than sufficient to satisfy said execution, and that there were no other claims unsatisfied against him.

The appellants answered in two paragraphs, as follows:

1. A general denial; and,

2. An affirmative answer, which we need not set out, and to which the appellee replied by a general denial.

And, on appellee's application, the venue of the action was changed to the court below.

There was a trial of the cause by a jury, in the court below, and a verdict was returned for the appellee.

And the appellants' written motion for a new trial having been overruled, and their exception saved to such decision, judgment was rendered by the court below on the verdict, in favor of the appellee, as prayed for in her complaint.

In this court the only error assigned by the appellants was the decision of the court below, in overruling their motion for a new trial.

The causes for such new trial were as follows:

" 1.　The verdict is contrary to law;

" 2.　It is not supported by sufficient evidence;

" 3.　On account of error of law occurring at the trial of said cause, in this: The court, over the objections of the defendants, allowed the plaintiff to prove, by the testimony of Joseph S. Stockton, 'that he, said Joseph S. Stockton, had personal property in Tippecanoe county, Indiana, subject to execution, from December 9th, 1873, to March 28th, 1874, and he offered to [set] it out to the sheriff on the execution on which the estate in controversy was sold,' which objection was made on the ground that the testimony offered was in contradiction of the sheriff's return, which objection was overruled by the court, and the testimony allowed to be given, to which ruling exception was taken at the time."

In his argument of this cause in this court, the appellants' learned attorney relies entirely, for the reversal of the judgment of the court below, upon the alleged error of law occurring at the trial, set forth in said third cause for a new trial. If the parol evidence of Joseph S. Stockton, set out in said cause for a new trial, was competent evidence for the purpose for which it was offered, then the judgment of the court below must be affirmed. But if, on the other hand, this parol evidence was incompetent, and the court below erred in its admission, then the judgment must be reversed.

The evidence on the trial in the court below is properly in the record. It appears therefrom, that the appellee gave in evidence, among other things, the execution issued to the sheriff of Tippecanoe county, in favor of the appellants, and against said Joseph S. Stockton, and the return of said sheriff of his proceedings, under and

by virtue of said execution. We set out so much of the sheriff's return as is material to the question presented for our consideration in this case, as follows:

"This writ came to hand on the 9th day of December, A. D. 1873; and, as thereby commanded, I have made demand on this writ of the defendant, Joseph S. Stockton, for personal property to satisfy the same in whole or in part, and finding none, and defendant not designating any property to levy on, I levied the same on the following real estate," etc.

Could the appellee contradict, by parol evidence, the facts recited in this part of the sheriff's return? It must be borne in mind that the appellee acquired her title to the real estate in controversy by deed from the execution defendant, Joseph S. Stockton, after the rendition of the appellants' judgment against him, and after the issue of said execution thereon, and while it was in the sheriff's hands to be executed. It seems to us, therefore, that the appellee's position with regard to the sheriff's sale to the appellants was no better than the position of her grantor, Joseph S. Stockton, would have been, if he had not conveyed said real estate to the appellee. In other words, if Joseph S. Stockton could not have contradicted, by parol evidence, the facts above recited from the sheriff's return, then, in our opinion, the appellee could not contradict those facts by such parol evidence.

The facts recited in that portion of the sheriff's return above set out were the sheriff's record of his official acts, done by him in the discharge of his duties under the law. Under section 517 of the practice act, the sheriff's return of an execution "shall be taken and deemed to be a record." 2 R. S. 1876, p. 228. A record can not be contradicted by parol evidence; it imports "absolute verity." This subject was very carefully considered by this court in the case of *Splahn* v. *Gillespie*, 48 Ind. 397, BUSKIRK, C. J., delivering the opinion of the court. After a full and elaborate examination of the decisions of this court,

and of the courts of last resort in our sister States, the conclusion was reached, in the case cited, that a party to an execution, or one claiming under such party, can not contradict the sheriff's return of such execution, or any of the official acts of such sheriff recited in such return, except in a direct proceeding against such sheriff for a false return.   It seems to us, that the case cited is decisive of the case now before us; that the parol evidence of said Joseph S. Stockton, as set out in the third cause assigned for a new trial, was improperly admitted; and that, for this cause, the court below erred in overruling the appellants' motion for such new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.