FRY ET AL. *v.* GALLASPIE.

SHERIFF.—*Return of, can not be Attacked Collaterally.—Clerk.*—An execution
defendant, whose real estate has been sold on execution or decree, can
not impeach or question the truth of such return in an action against the
execution plaintiff, who became the purchaser, and the clerk of the court,
to set aside such sale.

From the Howard Circuit Court.

*M. Bell, C. E. Hendry* and *M. McDowell,* for appellants.
*J. O'Brien,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued
the appellants, as defendants, in the court below, in a
complaint of two paragraphs, to each of which paragraphs
the appellants demurred for the want of sufficient facts
therein to constitute a cause of action.

The demurrer to the first paragraph was overruled, and
to this decision the appellants excepted, and the demurrer
to the second paragraph was sustained.

To the first paragraph of the complaint the appellants
answered in two paragraphs, the first being a general de-
nial, and the second setting up an affirmative defence.

The appellee replied, by a general denial, to the second
paragraph of the answer.

The issues joined were tried by a jury, and a verdict
was returned for the appellee, on which verdict a judg-
ment was rendered, as prayed for in the appellee's com-
plaint.

The appellants' motion for a new trial was overruled,
and to this decision they excepted, and filed their bill of
exceptions within the time prescribed by the court.

The appellants have assigned as errors, in this court, the
following decisions of the court below:

1.  In overruling their demurrer to the first paragraph
of the complaint; and,

2.  In overruling their motion for a new trial.

Fry *et al.* v. Gallaspie.

We will consider and decide the questions presented by these alleged errors in the order of their assignment.

1. The first alleged error calls in question the sufficiency of the facts stated in the first paragraph of the appellee's complaint to constitute a cause of action. As necessary to a proper understanding of this cause, and of the alleged errors complained of by the appellants in this court, we will give a summary of the facts alleged in the first paragraph of said complaint. The appellee alleged therein, in substance, that, on the 5th day of March, 1872, the appellant William H. Fry recovered a judgment against the appellee for the sum of fifty-nine dollars and sixty-eight cents, and costs, and for the foreclosure of a mortgage on lot No. 5, in the town of Russiaville, in Howard county, Indiana, as security for the payment of said sum of money, which judgment was rendered in and by the court of common pleas of said county, at a regular term thereof, a copy of which judgment was filed with, and made part of, said paragraph; that afterward, on the 17th day of July, 1872, the appellant William H. Fry caused to be issued a pretended copy of the decree and judgment and order of sale of said court of common pleas, and caused the same to be delivered to the acting sheriff of said Howard county, a copy of which decree and order of sale was filed with and made part of said paragraph; that afterward the sheriff to whom said pretended order of sale had been issued, pretended to advertise said lot No. 5 for sale, upon said pretended order of sale, and, after having pretended to advertise said lot for sale, the said sheriff pretended to and did sell the same on the 17th day of August, 1872, to the appellant William H. Fry, the judgment creditor, for the sum of one hundred and eight dollars and thirty cents; that afterward, on the 8th day of October, 1873, and more than one year after the date of said pretended sale to the appellant Fry, the said sheriff filed in the office of the clerk of the court below a paper purporting to be a return to said pretended

order of sale, in which said paper, called a return, the said sheriff pretended to say, that he had caused said lot to have been advertised, as required by law, by causing a notice of the time and place of sale to be published, for three weeks successively, in the Howard Tribune, a weekly newspaper of general circulation, printed and published at Kokomo, in said county, and by setting up such notices in three public places in the township in which said lot was situated, and a like notice at the court-house door in Kokomo, in said county, more than twenty days before the 17th day of August, 1872, and that, on said 17th day of August, the sheriff sold said lot to said William H. Fry for the sum of one hundred and eight dollars and thirty cents, and received on said 17th day of August, 1872, the full sum of said bid in hand from said Fry, and that he made and delivered to said Fry a certificate of sale of said lot, which would entitle him to a deed of said lot, at the end of one year from said 17th day of August, 1872, and said return was dated and purported to have been made on the 17th day of August, 1872, a copy of which return was filed with, and made part of, said paragraph; and the sheriff filed with said return receipts purporting to be receipts for money paid to the judgment plaintiff by the sheriff on said 17th day of August, 1872, and for costs of said sale and suit paid on that day; that afterward, on the — day of ——, 1873, the sheriff of said county made and delivered a paper writing, called a sheriff's deed, to said William H. Fry for said lot, and said Fry immediately commenced suit against the appellee for said lot, in the Howard Circuit Court, which suit was then pending, and the said Fry was threatening to prosecute the same to final judgment against the appellee; a copy of said Fry's complaint in his suit for said lot, and of the appellee's answer thereto, and of said Fry's reply to said answer, was filed with, and made part of, said paragraph. The appellee charged, that said pretended sale by said sheriff, and his said return thereof, were ir-

regular, illegal and void, for the following reasons and grounds of objection, to wit:

1st.   The pretended order of sale, made, certified and delivered to the sheriff of said county, was not a true copy of the original judgment and order of sale against the appellee, at the suit of said William H. Fry, wherein said lot No. 5 was ordered to be sold;

2d.   Said lot No. 5, in the original plat of Russiaville, was not sold upon an execution of *fieri facias,* issued upon said judgment of said William H. Fry against the appellee;

3d.   The sheriff did not cause three notices of the sale of said lot No. 5, in the original plat of Russiaville, to be posted up in three public places in the township in which the same was situate, and a like notice at the court-house door in said county, for twenty days or more before the day he pretended to sell said lot, to wit, the 17th day of August, 1872;

4th.   That the appellant William H. Fry, the judgment creditor and pretended purchaser at said pretended sheriff's sale, and plaintiff in said ejectment suit against the appellee, did not pay the amount of the pretended bid set out in the sheriff's pretended return, and the pretended receipts attached to said return were not made on the day of the pretended sale set out in said pretended return, and no payment was made upon said pretended bid, and no receipts made nor any other act done which was equivalent in fact or in law to payment, on said 17th day of August, 1872, nor for more than one year after said last named day;

5th.   The sheriff did not make out and deliver, as set out in said return, a certificate of purchase to said William H. Fry, on the day of said pretended sale, August 17th, 1872, nor for more than one year thereafter, which would entitle him to a deed of said lot at the expiration of one year from said August 17th, 1872; and,

6th.   Said receipts, set out in said return, were not made on the 17th day of August, 1872, nor more than one year thereafter.

The appellee further charged, that he had no personal knowledge whatever that an order of sale had ever issued to the sheriff of Howard county, authorizing him to sell said lot No. 5, nor that said sale was ever advertised; that, if any notice was given, as required by law, no notice in the neighborhood was caused by any such notice; that the appellee had no actual knowledge of said pretended sale until more than one year after the same was pretended to have been made; that no return was placed on file by the sheriff of said county, in the clerk's office of said court of common pleas or circuit court, for more than one year after said 'pretended sale; and that said William H. Fry had no certificate of purchase in his possession for more than one year from said 17th day of August, 1872.

Besides the appellant William H. Fry, the appellee made the clerk of the court below and the then sheriff of the county parties defendants to this action; and he demanded judgment, that, on the final hearing of this cause, the said pretended order of sale and the pretended sale and conveyance of said lot, by the former sheriff to said Fry, might be set aside, declared void and held for naught; and he offered to pay into court, for the use of said Fry, whatever sum the court might determine was necessary to satisfy said Fry's judgment and costs; and the appellee further prayed for a temporary restraining order, and finally for a perpetual injunction against the appellants and each of them, and that his title to said lot might be forever quieted.

It will be readily seen, from the foregoing summary of the first paragraph of his complaint, that the appellee grounds his cause of action entirely upon the alleged falsity of the sheriff's return to the execution or order of sale described in said paragraph. The validity of the

judgment against the appellee, and in favor of the appellant William H. Fry, was in no manner questioned in or by any of the allegations of said paragraph of the complaint. It was alleged, that the order of sale, issued on said judgment to the sheriff of Howard county, was not a true copy of the original judgment and order of sale, and that the real estate described in the complaint was not sold upon an execution of *fieri facias*, issued on said judgment. But the gist of the appellee's action is contained in the allegations of his complaint, wherein he controverted the facts stated and set forth in the sheriff's return to said order of sale.

It is very clear, we think, that the first paragraph of the appellee's complaint did not state facts sufficient to constitute a cause of action, in favor of the appellee, the execution defendant, against the appellant Fry, the execution plaintiff. For the law is well settled in this State, that "A party or privy may not aver the falsity of a return made by a proper officer, without a direct proceeding against the officer, even in chancery." *Splahn* v. *Gillespie*, 48 Ind. 397, and the authorities cited.

The facts recited in the sheriff's return, which the appellee attempted to controvert in his complaint in this action, were his official acts, done by him in the discharge of his official duties, in the execution of the order of sale mentioned in said complaint. The sheriff's return upon such a writ is his record of his official acts, which return the clerk is required to "enter at length" in the execution docket, and such entry "shall be taken and deemed to be a record." 2 R. S. 1876, p. 228, sec. 517.

In this case, the sheriff's return upon the order of sale was conclusive against the appellee, the execution defendant, as to the matters alleged in the first paragraph of his complaint, as constituting his cause of action. The appellee can not impeach the sheriff's return, nor can he aver the falsity of the matters set forth in said return, except in a direct suit or proceeding against the said

sheriff, for making a false return. *Stockton* v. *Stockton,* 59 Ind. 574, and *Johnson* v. *Patterson*, 59 Ind. 237.

It seems to us, that the court below erred in overruling the appellants' demurrer to the first paragraph of the appellee's complaint.

2. The conclusion we have reached, in regard to the insufficiency of the first paragraph of the complaint, renders it unnecessary for us to consider at any length the questions arising under the error of the court in overruling the appellants' motion for a new trial. Over the objections and exceptions of the appellants, the court permitted the appellee to introduce oral evidence, for the purpose of contradicting material portions of the sheriff's return. From what we have already said, it is clear that this oral evidence was incompetent, and that the court erred in its admission.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellants' demurrer to the first paragraph of the complaint, etc.