Dobbins v. McNamara.

Filed Dec. 30, 1887.

No. 13,032.

DOBBINS v. McNAMARA.

JUDGMENT.—*Action to Set Aside.—Jurisdiction.—Process.—Default.*—Where a judgment has been rendered by default against a person upon whom there was no service of process, and over whose person the court had acquired no jurisdiction, he is entitled to have such judgment set aside, whether he has a good defence to the action or not, and may maintain a direct action for that purpose.

SAME.—*Statutory Proceedings to Review and to Set Aside Default.—Practice.*— A direct proceeding to vacate and set aside a judgment taken by default in a case where no process has been served and no jurisdiction acquired, is not governed by the statutory requirements concerning complaints for review and applications to set aside defaults.

Dobbins *v.* McNamara.

SAME.—*Issues.*—*Pleading.*—In such a proceeding the defendant thereto is entitled to answer, and issues may be formed as in ordinary cases of equitable jurisdiction.

From the Pulaski Circuit Court.

*N. L. Agnew, B. Borders* and *J. F. Yarnell,* for appellant.
*W. Spangler* and *H. A. Steis,* for appellee.

NIBLACK, J.—The complaint in this proceeding represented that Matt Dobbins, the appellant, had, on the 1st day of December, 1884, in an action for an alleged breach of a marriage contract, recovered a judgment in the Pulaski Circuit Court against Hugh McNamara, the appellee, for the sum of $300 in damages, and costs of suit, setting out the complaint in that action at full length; that Dobbins, the plaintiff in the action thus referred to, had caused a summons to be issued against the defendant, McNamara, and by an endorsement on the complaint had made the summons returnable on the 15th day of the previous month of September, 1884; that the sheriff of Pulaski county, to whom the summons was directed, made return thereto as follows: " Came to hand this 1st day of September, 1884. I return this summons served by leaving a true copy of the original summons, by direction of the attorney for the plaintiff, at the residence of Edward Parish, supposed to be the last and usual place of residence of Hugh McNamara;" that upon this return a default was entered against him, the said McNamara, and a judgment rendered against him as above stated.

The complaint further represented that he, the said McNamara, had in fact no notice of the pendency of said action; that at the time the complaint was filed and the summons was issued he was not a resident of Pulaski county, but was then, and for about a year previously had been, a resident of Benton county, in this State; that he had never at any time made his home with Edward Parish, or even remained over night at his house or place of residence; that he was not at any time within the jurisdiction of the Pulaski

Circuit Court during the pendency of said action, and never knew that any such action was pending against him, or that any judgment had been therein rendered against him, until the 14th day of December, 1885, more than a year after the judgment had been entered.

The complaint still further represented that the pretended service of, as well as the return to, the summons in said original action was procured to be made by the fraud of the attorney for the plaintiff, and without proper inquiry either by such attorney or the sheriff; that the proceedings in said cause were erroneous, irregular and void for want of jurisdiction over the person of him, the said McNamara, and because the complaint was insufficient to authorize the rendition of such a judgment, and because the return of the sheriff was too defective to justify the entry of a default against him in the action. Wherefore the said McNamara demanded that the judgment in question should be set aside, vacated and held for naught.

The complaint was verified by the affidavit of McNamara duly attached.

A demurrer to the complaint being first interposed and overruled, the appellant, Dobbins, asked leave to file an answer to the complaint, which was refused. She then moved that the cause be set down for a hearing, and that she be allowed to introduce evidence to rebut the allegations of the complaint, and that motion was also denied. The court thereupon, considering only the allegations of the complaint, made a finding that the judgment described in that pleading was void and of no effect, and ought, therefore, to be vacated and set aside, and adjudged accordingly.

In support of the demurrer to the complaint, it is contended that the demurrer ought to have been sustained, because, considered as a complaint for a review of the proceedings complained of, it was insufficient on account of the failure to file with it a transcript of those proceedings, and because, considered as a complaint for relief against a surprise under

section 396 of the present code, it was deficient in not averring and showing a meritorious defence to the action from which relief was demanded.

Whatever the pleader may have intended in regard to the precise form of this proceeding, the complaint was, in its essential features, neither a complaint for a review of the proceedings in question, nor an application for relief under section 396 of the code, but was simply and only a petition, in the nature of a complaint, to have the judgment taken against McNamara annulled and set aside, upon the ground that the Pulaski Circuit Court had no jurisdiction over his person when it was rendered. Formerly, when a·judgment was void for some reason apparent on the face of the proceedings, or was voidable on account of some matter *dehors* the record, an injunction was usually resorted to as a means of preventing its enforcement; but more recently an action to have such a judgment annulled and set aside has become a recognized method of procedure. The distinction between such a proceeding and a complaint for a review was considered and, to some extent, defined in the case of *Willman* v. *Willman*, 57 Ind. 500.

The difference between a direct proceeding to have a judgment annulled and vacated, and an application to have an ordinary default set aside under the provisions of section 396, was well stated argumentatively in the case of *Wiley* v. *Pratt*, 23 Ind. 628, and is one which ought to be carefully observed in the prosecution of an action like the one in hearing.

Where a default has been taken against a person upon whom there was no service of process, and over whose person the court had acquired no jurisdiction, he is entitled to have the judgment set aside, whether he has a good defence to the action or not. To illustrate : where a defendant, who is a resident of the State, is sued in a wrong county, and a judgment is taken against him without jurisdiction over his person, he has the right to have the judgment vacated

and annulled, without disclosing» any defence to the action, upon the principle that, where a court has no jurisdiction to hear and determine the matters involved in a suit, it has nothing to do with the merits of the controversy. A judgment taken under such circumstances must yield to a direct attack, however meritorious the cause of action may have been. The complaint was, therefore, correctly held to be sufficient upon demurrer.

As having some reference to the questions hereinabove discussed, see Freeman Judg., sections 116 and 117; 3 Wait Actions and Defences, 733; 3 Pomeroy Eq. Jur., section 1377; *Bush* v. *Bush*, 46 Ind. 70; *Cavanaugh* v. *Smith*, 84 Ind. 380; *Harman* v. *Moore*, 112 Ind. 221.

A proceeding of the class to which this belongs is in the nature of, and analogous to, an appeal to the equity jurisdiction of a court for the cancellation of an instrument in writing, and is not a summary proceeding in the sense in which an application for relief under section 396 has been held to be. In such a proceeding, the formation of issues, and a hearing upon such evidence as may be mutually introduced, as in ordinary cases of equitable jurisdiction, are contemplated. The court below consequently erred in refusing to permit the appellant to file an answer to the complaint, and in declining to set down the cause for a hearing in the manner contemplated as above.

In applications for relief under section 396, it is only as to the truth of the alleged facts relied on as a defence that a counter affidavit, or countervailing evidence, is not admissible. As to the causes for which relief is sought, evidence may be, and usually ought to be, heard as in ordinary adversary proceedings. Freeman Judg., section 109; *Hill* v. *Crump*, 24 Ind. 291; *Buck* v. *Havens*, 40 Ind. 221; *Lake* v. *Jones*, 49 Ind. 297; *Nord* v. *Marty*, 56 Ind. 531; *Douglass* v. *Keehn*, 78 Ind. 199; *Lawler* v. *Couch*, 80 Ind. 369; *Brumbaugh* v. *Stockman*, 83 Ind. 583; *Clandy* v. *Caldwell*, 106 Ind. 256.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

