## MATTHEWS *v.* WILSON ET AL.

[No. 4,380. · Filed May 12, 1903.]

DIVORCE.—*Decree Providing for Maintenance of Minor Child.—When not a Lien on Defendant's Realty.*—A decree in a divorce proceeding, adjudging that the support, maintenance, and education of a minor child shall be a lien on the real estate of the father who was the defendant in the suit, the same to be paid out to the mother on petition to the court in such annual or semiannual sums as to the court might seem proper, is not a final judgment, and therefore not a lien on the defendant's real estate. *pp. 93, 94.*

LIMITATION OF ACTIONS.—*Divorce Decree.—Lien for Support of Child.*— A lien against the real estate of the defendant in a divorce proceeding, to secure the payment of an allowance for the support of

a minor child, is barred by the statute of limitations after ten years. *p. 96.*

EQUITY.—*Laches.*—Unexplained delay in the prosecution of a right until it becomes stale constitutes such laches as forfeit the interference of the court. *p. 97.*

From Warrick Circuit Court; *C. W. Cook,* Special Judge.

Suit by Celestia Matthews against Wesley Wilson and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*W. Z. Bennett* and *George Palmer,* for appellant.
*J. W. Wilson* and *Edward Gough,* for appellees.

WILEY, J.—Appellant, in her amended complaint, averred that on and prior to September, 1882, she was the wife of one Albert Johnson; that on said date, by a decree of the Warrick Circuit Court, she was granted a divorce from her said husband, together with a judgment for alimony and a decree giving to her the care and custody of her minor child, Katie; that by the decree the said Albert Johnson was charged with the reasonable expenses to be incurred in the support, maintenance, and education of said infant until she should arrive at the age of twenty-one years, or until she should die or marry, and that the same should be a lien against the real estate of said Johnson, and the same should be paid out to appellant, or other proper person, on petition to the court, if he "fails or refuses to pay it in such annual or semiannual sums as to the court may appear just and proper." It is further charged that at the date of said decree said Johnson was the owner of certain described real estate in said county; that on and after said decree appellant assumed the exclusive custody of said child, and has ever since had her care and custody; that said child is still living, is not twenty-one years old, and is not married; that appellant has ever since maintained, supported, and educated her; that she has expended large sums of money for medicine

and medical services for her, aggregating $300; that the reasonable value of said support, maintenance, education, etc., is $3 per week, amounting to $2,800, which sum is due and unpaid. It is also averred that said Albert Johnson died intestate in said county January 1, 1897, and that his estate was duly and finally settled in the Warrick Circuit Court December 8, 1898; that appellant did not file any claim against his estate, but relied upon the security of the lien and charge created and given by said decree; that after said decree the said Johnson never paid appellant for the support and maintenance of said child any sum whatever, and that nothing was paid from or by his estate; that on December 5, 1891, said Johnson mortgaged his said real estate to one Joseph Funk to secure a loan of $2,000; that when said loan was made said Funk had notice of said decree and of the lien and charge for the support and maintenance of said child; that thereafter said Funk died in Warrick county, Indiana, and the appellee Bernard Herr was appointed administrator of his estate, which trust is still pending; that as such administrator said Herr brought an action in the Warrick Circuit Court to foreclose said mortgage, and on March 18, 1896, obtained a judgment for $2,287.84, and a decree of foreclosure; that under said judgment and decree said real estate was sold by the sheriff, and was bid in by said administrator for the amount of the judgment, interest, and costs; that a certificate of said sale was duly issued; that on April 17, 1897, said administrator, without first obtaining an order from court, sold and assigned said certificate to appellee Wilson, who had notice of said divorce decree and the lien thereby created; that on April 19, 1897, said Wilson procured from the sheriff of the said county a deed for said real estate upon said certificate and assignment, and thereupon took possession of the real estate so conveyed, and has ever since been in possession thereof. It is also averred that the sale of said certificate

to Wilson was never brought to the knowledge of the court, and was never approved or confirmed, and that by reason thereof said sale, assignment, and deed are void, and the legal title to said real estate is in the legal heirs of said Johnson, who are made parties to answer as to their interests. The prayer of the complaint is that the amount due appellant for the support, maintenance, and education of said child be declared a lien and charge on said real estate, and that the same be ordered sold to pay and satisfy her demand. Appellees, Wilson, Herr, and Herr, administrator, demurred separately to the complaint, which demurrers were sustained. The other defendants, the heirs of Johnson, deceased, filed a disclaimer. Appellant refused to plead further, and judgment was rendered against her for costs.

The points of contention presented by the record may be briefly stated as follows: (1) Did that part of the decree relating to the support and maintenance of the minor child create a lien or charge against the real estate of Albert Johnson? (2) If so, was such lien barred by the statute of limitations?

This action was commenced at the December term, 1900, of the Warrick Circuit Court, and the decree in the divorce proceedings was rendered September 29, 1882. It therefore appears that more than eighteen years elapsed between the rendition of the decree and the commencement of this action.

It is important to determine what was adjudicated in the divorce proceedings, and what might have been adjudicated under the issues and the statute. It is apparent from the record that an attempt was made to adjudicate four important matters: (1) The question of appellant's right to a divorce; (2) the question of her right to alimony, and the amount she was entitled to recover; (3) the question of the custody of the infant child; and (4) the question of the support and maintenance of it. These are all

matters that may be adjudicated under the statute. §§1057, 1058 Burns 1901. The divorce was granted, the alimony fixed, and the custody of the child awarded to appellant. In the decree an attempt was made, not only to provide for the support and education of the child, but also to fasten upon the real estate of its father a specific lien or charge. If the court had determined the amount the father was to contribute for that purpose, and fixed the manner and time or times of payment, and the same had been entered into the decree, a very different and a far less difficult question would have been presented. In such event the amount fixed would have become a judgment, and by the force of the statute it would have become a lien on his real estate in the county for a period of ten years. See §617 Burns 1901.

At common law judgments were not liens upon real estate, and they would not be in Indiana, except they were made so by legislative enactment. If, in the divorce proceedings, the court had found that appellant was entitled to alimony, and had not fixed the amount, but entered a decree declaring that it should be a lien and charge upon the defendant's real estate, it could not successfully have been contended that a lien thus attached. The reason for this conclusion is that it would not have been a final judgment, and, under the statute (§617, *supra*), only final judgments are liens upon real estate. Without a judgment fixing the amount of alimony, no execution could issue, and hence the decree could not have been operative or effective. The same reason applies to the question here presented. There was no final judgment against the defendant in the divorce proceedings, fixing the amount he was to pay for the support and education of his infant child.

It is pertinent to know what duty was imposed upon the father of the child by the decree. He was charged with its support and education in the following language: "It is ordered, adjudged, and decreed, that the support,

maintenance, and education of said child is now here decreed a lien on the real estate of said Albert Johnson, the same to be paid out to the mother, or other proper person, on petition to the court, if he fails or refuses to pay the same in such annual or semiannual sums as to the court may appear just and proper." This part of the decree is incomplete, and can not be enforced in any manner known to law. What was Johnson to pay, and upon what conditions was he to pay it? The decree certainly does not contemplate that he should pay to appellant any arbitrary sum she might fix, or that he should pay it upon her demand. If she was entitled to anything, the duty was imposed upon her by the decree that she should go to the court, by petition, have the court fix the amount, and fix the time and manner in which it should be paid. This she has not done. She remained silent for over eighteen years, and, whatever her rights were, she slept on them. We do not know of any way which a court may provide for the support and education of a minor child in a divorce proceedings, where its custody has been awarded to the mother, than a decree or judgment ordering and directing the father to pay either a lump sum, or definite instalments at fixed periods. This is what the statute contemplates and what the decisions declare: §1058 Burns 1901; *Cox v. Cox,* 25 Ind. 303; *Logan v. Logan,* 90 Ind. 107; *Bush v. Bush,* 37 Ind. 164; *Eastes v. Eastes,* 79 Ind. 363; *Musselman v. Musselman,* 44 Ind. 106, 123; *Stonehill v. Stonehill,* 146 Ind. 445; Nelson, Div. & Sep., §§983, 984. Section 1058, *supra,* provides: "The court, in decreeing a divorce, shall make provision for the guardianship, custody, support, and education of the minor children of such marriage." In doing this it is not only the province, but the duty, of the court to take into consideration the amount of the husband's present estate, but also his ability to make future earnings; and it is upon this basis that the court should fix the amount to be paid by him. *Logan v. Logan,*

*supra.* It is evident from the language of the statute that it was the intention of the legislature that a court should, in the decree for divorce, make provision for the support, etc., of the minor children, when their custody was taken from the father, by determining the amount, to whom paid, and the manner of its payment. No other construction would render the statute effective.

It is to be observed that the decree makes no provision for the payment of any amount or sum of money, and, whether it be regarded as a judgment or a decree in equity, the result is the same, for under the code judgments at law and decrees in equity are all "judgments," for by the code distinctions are abolished. *Hord* v. *Bradbury,* 156 Ind. 20. Under §588 Burns 1901, "The judgment must be entered on the order-book, and specify clearly the relief granted, or other determination of the action."

In the case at bar, the decree in the divorce proceedings does not specify any relief or fix any liability, and under the authorities we can not see our way clear to hold that any lien or charge was fixed upon the real estate of the husband. Should we, however, be wrong in our conclusion upon this question, appellant is without any remedy for two reasons: (1) Whether that part of the order relating to the support and education of the child be regarded as a judgment at law or a decree in equity, the lien, if any, is barred under the statute. Judgments. in this State are made liens upon real estate of judgment defendants in the county where they are rendered for a period of ten years, and no longer. As a judgment is a lien only by virtue of the statute, it ceases to be a lien at the expiration of the time fixed by the statute. (2) Appellant is here seeking to enforce what her counsel are pleased to designate as equitable relief. She has slept on her rights, whatever they were, for over eighteen years. She suffered the estate of her divorced husband to be settled in court, and made no claim against it for the support of her child. Her divorced

husband mortgaged the real estate against which she now seeks to enforce a lien, and she permitted that mortgage to be foreclosed, and the title to pass to a third person, without asserting any claim against it.   After all this she comes into court with what a court of equity would designate as a "stale" claim, and asks that court to enforce it. She has not attempted to show any cause or reason why she has remained silent so long.

It is a settled doctrine of courts of equity that unexplained delay in the prosecution of a right until it becomes stale constitutes such laches as forfeit the interference of the court.   *Valentine* v. *Wysor,* 123 Ind. 47, 7 L. R. A. 788; *Smith* v. *Thompson,* 7 Grat. 112, 54 Am. Dec. 126 and note; *Hough* v. *Coughlan,* 41 Ill. 131; Story, Eq. Jurisp. (13th ed.), §1520.   *"Expedit reipublicae ut sit finis litium,"* is a maxim that has found favor in the courts of this country and England from the earliest history of jurisprudence; and a court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands, where the party seeking redress has slept upon his rights; and nothing will call forth such courts into activity, but conscience, good faith, and reasonable diligence.   Where these are wanting, the court is passive and does nothing.   Laches and neglect are always discountenanced.   This doctrine was announced by Lord Camden in *Smith* v. *Clay,* Ambl. 645, and has never been criticised.   See note to *Deloraine* v. *Brown,* 3 Bro. C. C. 639.   In note to *Smith* v. *Thompson, supra,* many English and American cases are cited in support of it.   See, also, *Frame* v. *Kenny,* 12 Am. Dec. 367.   In the case before us there is an unexplained delay of nearly two decades.   Appellant has slept upon her rights, and she is without remedy.

Judgment affirmed.

Roby, C. J., concurs in the conclusion.