STATE OF NEW JERSEY *v.* SHIRK ET AL.

[No. 10,505. Filed June 25, 1920. Rehearing denied November 17, 1920. Transfer denied March 31, 1921.]

1. JUDGMENT.—*Action on Judgment.—Cross-Action to Avoid Judgment.—Collateral Attack.—Fraud.*—In an action by a state upon a judgment for taxes in which defendants filed cross-complaints seeking to have the judgment declared void on the ground that no service of summons was had, such cross-complaints stand upon the footing of original, independent actions, and constitute a direct attack upon the judgment, where the question to be determined is whether such judgment was obtained by fraud. p. 279.

2. FRAUD.—*Actionable Fraud.—What Constitutes.—Knowledge of Falsity of Representations.*—In order to constitute actionable fraud it is not always necessary to prove that the party charged therewith knew that the facts which he had stated were false, but if he makes a statement as to his own knowledge and thereby misleads another, it is a fraud upon the per-

son so relying, and it is no defense that he believed the facts to be true.    p. 280.

3. JUDGMENT.—*Action on Judgment.—Cross-Action to Avoid Judgment.—Want of Jurisdiction.—Fraud.*—A judgment sued on may be attacked in a direct proceeding by way of cross-complaint for want of jurisdiction, where the jurisdiction has been wrongly assumed by the court, or procured by the fraud of plaintiff, for matters *de hors* the record, regardless of whether there is a meritorious defense.    p. 281.

4. PROCESS.—*Return by Sheriff.—Conclusiveness.*—As to the facts which it is the duty of the officer to state in making a return upon a process, the return is conclusive, in the absence of fraud, as between the parties and privies to the suit, and others whose rights are necessarily dependent upon it.    p. 281.

5. SHERIFFS AND CONSTABLES.—*Service of Summons.—False Return.—Liability of Officer.*—Where an officer serving a summons makes a false return, the remedy of the person injured is by an action at law against the officer.    p. 281.

6. PROCESS.—*Return by Sheriff.—Conclusiveness.—Matters Not Necessary to Return.—Collateral Facts.*—The return of an officer serving a summons is not conclusive as to collateral facts or matters not necessary to the return or which are not presumptively within his knowledge, including such facts as the usual place of residence of the person served, or as to whether the person served is the agent of a corporation being sued. p. 281.

7. CORPORATIONS.—*Service of Summons.—Reliance on Certificate Not Required by Law.*—In serving a summons on one supposed to be the president of a foreign corporation, plaintiff, in giving his directions to the sheriff, had no right to rely on a certificate of identity of the president, which certificate was without authority of law at the time it was filed with the secretary of state, and had been filed more than six years at the time the action was commenced.    p. 284.

8. JUDGMENT.—*Validity.—Failure of Service.*—In an action by a state to recover on a judgment for taxes, which was attacked for want of jurisdiction on the ground that summons had not been served on defendant corporation, where it appeared that the person served, at the direction of plaintiff, pursuant to an unauthorized certificate of identity as the president of the corporation, was not in fact such, and had not been for several years, the judgment is void.    p. 284.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by the State of New Jersey against Elbert W. Shirk and others in which defendants filed cross-complaints. From a judgment on the cross-complaints for defendants, the plaintiff appeals. *Affirmed.*

*Edmund Wilson, Morton S. Hawkins, William E. Jeffrey, P. J. Lauck, Kivett . & Kivett, Joseph W. Hutchinson, Frank B. Jaqua* and *James J. Moran,* for appellant.

*Smith, Remster, Hornbrook & Smith, Brooks & Brooks, A. M. Bain, E. F. Branch* and *E. C. Weir,* for appellees.

NICHOLS, J.—Action by appellant against appellees on a judgment against the Midland Portland Cement Company, a New Jersey corporation, for taxes due the State of New Jersey, and to enforce a stockholder's liability for the payment of such judgment. Appellees Shirk, Benedict and Packard each filed an amended cross-complaint asking that the judgment against the Midland Portland Cement Company as to each of them be declared null and void and for other relief. Fred W. Spacke, now represented by appellee, administrator, also filed an amended cross-complaint of the same character as the others and praying for the same relief. The issues joined upon the cross-complaint were submitted to the court, at the same time that the issues upon the complaint were submitted to the jury, which disagreed upon the issues joined upon the complaint and was discharged without a verdict. The court rendered judgment on the issues raised by the respective cross-complaints in favor of appellees, and entered judgment upon the cross-complaints against appellant; that the judgment sued on was null and void. For the purpose of determining this appeal we need only consider the cross-complaints. The averments in each of the cross-complaints so far as necessary to this decision are sub-

stantially as follows:    That the Midland Portland Ce-
ment Company was organized under the laws of
appellant October 22, 1901.    April 3, 1909, appellant
recovered in the Marion Circuit Court judgment against
said company in the sum of $7,153.99, which was for
taxes claimed to be due appellant from said company
for the years 1904, 1905 and 1906, which taxes accrued
in the State of New Jersey by the laws of that state.
That such company was insolvent; that each appellee
owned capital stock therein which he had received with-
out paying value therefor, or any consideration therefor.
That the judgment is due and remains unpaid with a
prayer for judgment against each appellee in the sum
of $9,513.71.    Appellees say that the pretended judg-
ment sued on is wholly void, for the reason that no
service of summons was had on said company.    On
March 9, 1909, the summons was issued and read to one
Fred W. Spacke.    The sheriff had been advised by ap-
pellant's attorney in said cause, that said Spacke was
the president of said company; he relied upon such in-
formation and made service accordingly; said sheriff
was induced by said information solely to serve said
summons and make return of service thereof on said
Fred W. Spacke.

It appears by the sheriff's return that service was
made upon said Fred W. Spacke, president of the Mid-
land Portland Cement Company, to whom a copy was
delivered, he being the highest officer of the company
within the bailiwick.    There was no other service upon
such company and no appearance by such company or
any one else, and no other service except as herein-
before.    Spacke, at one time, had been the president
of the company but long before the service aforesaid
he had ceased to hold said office, and appellee, Packard
had been elected president in his stead.    Packard was
a resident of Marion county.    Spacke was not the presi-

dent of the company, nor presiding officer, nor chairman of the board of trustees, nor a chief officer, nor authorized to transact business for such company. Such company has not filed in the office of the secretary of state any affidavit or instrument in writing designating the name of said Spacke as the person who could be found at its office for the purpose of accepting service upon said company, or upon whom service of process could be made in suits against it. Appellees say that neither the company nor any officer or agent thereof had any knowledge of the service of summons or the pendency of the suit or the rendition of the judgment until after this suit was commenced; that such company was wholly insolvent during all of said time, and did not transact any business of any kind. There was an answer to each paragraph of cross-complaint, consisting of a general denial and a second paragraph which we do not need to consider.

The cause was put at issue by a general denial to the second paragraph of answer, and submitted for trial with judgment resulting as aforesaid.

There is but little controversy as to the facts in this case, and the special findings substantially follow the averments of the cross-complaint and the answer. We note that by the findings of fact, the information which appellant gave to the sheriff as to the party upon whom service of summons could be had consisted of the following indorsement on the summons: "Fred W. Spacke, President, (Merrill & Madison Sts., Spacke Machine Company) or 2408 North Meridian Street."

Appellant contends that the cross-complaints of appellees are a collateral attack upon the judgment involved, and that as against such attack such 1. judgment is final and conclusive. Such cross-complaints stand upon the footing of original, independent actions and constitute a direct attack upon

the judgment, where such judgment was obtained by fraud. *State* v. *Hindman* (1903), 159 Ind. 586, 589, 592, 65 N. E. 911; *Graham* v. *Loh* (1904), 32 Ind. App. 183, 69 N. E. 474; *Frankel* v. *Gerrard* (1903), 160 Ind. 209, 66 N. E. 687; *Cotterell, Admr.,* v. *Koon* (1898), 151 Ind. 182, 185, 51 N. E. 235; *Miedreich* v. *Lauenstein* (1909), 172 Ind. 140, 86 N. E. 963, 87 N. E. 1029. It is true that the word "fraud" is not used in the cross-complaint, nor is there any direct allegation of fraud, but the question to be determined is whether the act of the appellant amounted to a fraud upon the officer serving the process, upon the court and upon the corporation. It is not necessary that appellant should be charged with an intention to defraud. Counsel for appellant may have fully believed that the person pointed out by him as the officer of the company which he was suing was the president thereof, and still not be relieved of the responsibility of his act. In order to con-

2. stitute fraud, it is not always necessary to prove that the party charged therewith knew that the facts which he had stated were false. If he makes a statement as to his own knowledge and thereby misleads one, it is a fraud upon the person so relying and it is no defense that he believed the fact to be true. *Kirkpatrick* v. *Reeves* (1889), 121 Ind. 280, 22 N. E. 139. In the case of *Frenzel* v. *Miller* (1871), 37 Ind. 1, 17, 10 Am. Rep. 62, it is stated as the rule that, if a representation be made of a matter material to the damage of the one who relied upon the same as true, such representation will have the force and effect of positive fraud in a proceeding to rescind. This authority is quoted with approval in *Jones* v. *Hathaway* (1881), 77 Ind. 14, 21. To the same effect see *Wheatcraft* v. *Myers* (1914), 57 Ind. App. 371, 377, 107 N. E. 81, where a long list of authorities sustaining the principle are cited.

State of New Jersey v. Shirk—75 Ind. App. 275.

The judgment sued on may be attacked in a direct proceeding by way of cross-complaint, as in this case, for want of jurisdiction where the jurisdiction

3. has been wrongly assumed by the court, or procured by the fraud of the plaintiff, for matters *de hors* the record, whether there is a meritorious defense or not. *Dobbins* v. *McNamara* (1888), 113 Ind. 54, 14 N. E. 887, 3 Am. St. 626; *Massachusetts, etc., Assn.* v. *Lohmiller* (1896), 74 Fed. 23, 20 C. C. A. 274; *Stubbs* v. *McGillis* (1908), 44 Colo. 138, 96 Pac. 1005, 18 L. R. A. (N. S.) 405, 30 Am. St. 116.

It is contended by appellant that the falsity of the sheriff's return cannot be put in issue and defeat appellant's rights under the judgment, unless ap-

4. pellant was guilty of fraud in procuring a false return, and that there is no such allegation in the cross-complaint. The question as to the effect of the fraudulent purpose or the want of such purpose is discussed above. The conclusiveness of the sheriff's return is a question upon which there has been a great conflict of authority. The weight of authority seems to support the position that as to facts which it is the duty of the officer to state, the return is conclusive as between the parties and privies to the suit and others whose rights are necessarily dependent upon it. This, of course, in the absence of fraud. In such case

5. the remedy of the person injured is by an action at law against the officer for the false return. The return however, is not conclusive as to col-

6. lateral facts or matters not necessary to the return or which are not presumptively within the personal knowledge of the officer, and this includes such facts as the usual place of residence of the person served, or as to whether or not the person served is the agent of the corporation being sued. The question is discussed in 21 R. C. L. p. 1321, §70.

In the case of *Carr* v. *Commercial Bank of Racine* (1862), 16 Wis. 52, it was held to be the general rule that the return of the officer in relation to the service of process therein is conclusive, and that if the return is false the remedy of the party is by an action against the officer; but in that case the action was against the bank and the sheriff made his return that he served the summons and complaint on the defendant by delivering and leaving the copy thereof with Henry S. Durand, the president of said bank, and after judgment by default the defendant made his motion to set aside such default and judgment upon the ground that the person so served was not the president of the bank. This motion was denied by the trial court and it was held that the ruling of the trial court was error. The court in deciding the case says: "The process was never served upon any person upon whom the statute authorized service of process in suits against corporations. In suits against corporations the statute provides that process may be served upon the president or other head of the corporation, cashier, treasurer, director or managing agent. (Sec. 1, Ch. 184, R. S.) It was shown that this process was not served upon any of these officers, and, as a matter of course, the court never obtained any jurisdiction of the bank. It seems to us that this is a sufficient ground for setting aside the judgment." Again in the case of *Bond* v. *Wilson* (1871), 8 Kan. 228, 12 Am. Rep. 466, it was held that as a general rule between the parties to an action the return of the sheriff is conclusive; but if the return of the officer is that the copy of the summons was left at the residence of the defendant, the court may hear and determine whether the place where the copy was left was at the time the residence of the defendant. The court in deciding this case says: "We are aware it is a question of evidence and not of pleading; but we

know of no statute that makes a sheriff a final and conclusive judge of where a man's residence is, or what is the age of a minor, or who are the officers of a corporation, or where their place of business is; and when the statute made it the duty of the sheriff to ascertain these facts it did not make his return of such facts *conclusive.* Of his own acts his knowledge ought to be absolute, and himself officially responsible. Of such facts as are not in his special knowledge he must act from information, which will often come from interested parties, and his return thereof ought not to be held conclusive." To the same effect see *Great West Min. Co.* v. *Woodmas of Alston Min. Co.* (1888), 12 Colo. 46, 20 Pac. 771, 13 Am. St. 204; *Mineral Point R. Co.* v. *Keep* (1859), 22 Ill. 1, 74 Am. Dec. 124; *Owens* v. *Ranstead* (1859), 22 Ill. 161; *Chambers* v. *Bridge Manufactory* (1876), 16 Kans. 270; *Tilden* v. *Johnson* (1850), 60 Mass. (6 Cush.) 354; *Walker* v. *Lutz* (1883), 14 Nebr. 274, 15 N. W. 352; *Wendell* v. *Mugridge* (1848), 19 N. H. 109; *Clough* v. *Moore* (1884), 63 N. H. 111; *Grady* v. *Gosline* (1891), 48 Ohio St. 665, 29 N. E. 768; *L. E. Waterman Co.* v. *Parker Pen Co. (C. C.)* (1900), 100 Fed. 544; *McNeill* v. *Edie* (1880), 24 Kan. 108; *El Paso, etc., R. Co.* v. *Kelly* (1904), (Tex. Civ. App.) 83 S. W. 855; *Crosby* v. *Farmer* (1888), 39 Minn. 305, 40 N. W. 71; *Forrest* v. *Union Pac. R. Co. (C. C.)* (1891), 47 Fed. 1. In the case of *Supreme Council, etc.* v. *Boyle* (1894), 10 Ind. App. 301, 37 N. E. 1105, the court says that: "It is the duty of the person bringing the action to point out and indicate to the officer the person or persons upon whom service should be made, and it is the duty of the officer to serve such person or persons in the order named in the statute, and make his return accordingly."

It appears by the court's finding that on April 7, 1903, Fred W. Spacke then the president of the Midland

Portland Cement Company, filed in the office of 7. the secretary of state, of Indiana, a certificate for the purpose of complying with the act of 1901, Acts 1901 p. 621, in which certificate he stated that he was the president of such corporation upon whom service could be had. Appellant contends that it had a right to rely upon this verified statement, and that it did rely upon it and that therefore the service of the summons on said Spacke by direction of appellant was valid. The said act of 1901 contained no provision requiring or authorizing a certificate containing such a statement, and such act of the president was therefore without force. The act of 1907 (Acts 1907 p. 286, §4085 *et seq.* Burns 1914) contained such a provision, but this was four years after the statement was filed, and three years after the Midland Portland Cement Company had ceased to do business of any sort or kind, and after it had no assets of any kind. Certainly in 1909, appellant could not rely upon a statement in a certificate filed six years before, which statement was wholly without authority of law.

We hold that the service of the summons in the original case, in which the judgment sued on resulted, was not upon an officer or agent of the Midland Port-8. land Cement Company, upon whom service could legally be had, and that therefore the court in that case was without jurisdiction, and that the judgment as to appellees was void. Other questions are presented and discussed, but having reached the foregoing conclusion, we deem it unnecessary to consider them.

The judgment is affirmed.

The death of one of the parties hereto having been suggested, this opinion is rendered as of the date of submission.