UNITED STATES GYPSUM COMPANY ET AL. *v.* MOORE ET AL.

[No. 16,628. Filed October 22, 1941. Rehearing denied December 5, 1941.]

48

*Shrout & Baker,* of Bedford, for appellants.

*Clark & Brooks,* of Bedford, and *Slaymaker, Merrell & Locke,* of Indianapolis, for appellees.

FLANAGAN, J.—On October 5, 1937, appellants each obtained separate judgments in the Lawrence Circuit Court against the appellee J. Herschel Moore Lumber Company. The next day executions were issued on all three judgments; and on December 24, 1937, the sheriff levied upon and took possession of certain personal property of the debtor. On December 29, 1937, appellee Carl Boyer was appointed receiver of said debtor company by the Lawrence Circuit Court, whereupon the sheriff turned over to the receiver the property upon which the levy had been made.

Thereafter, on January 7, 1938, the sheriff spoke on the telephone to the attorney for the three appellants concerning the disposition to be made of the executions and the attorney stated that he would come to the sheriff's office to show the sheriff what kind of returns should be made. This he did, but the sheriff was not in; and the attorney, upon inquiry by the sheriff's stenographer, told her to return them and to show on them the facts concerning the levy and the receivership. This she did, but on the return, in addition to showing the levy and the receivership, she made a notation to the effect that the executions were returned on order of plaintiffs' attorney. She stated on trial that this was done because in making returns the sheriff had to show on whose order they were made.

In due course appellants filed their claims in the receivership and asked for a preference upon the proceeds of the sale of the property upon which their executions had been levied. The receiver answered by general denial and defended upon the theory that the return "on the order of plaintiffs' attorney" amounted

to a waiver of their liens. The trial court found for the receiver and denied the preference.

Appellants' motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law was overruled and this action of the trial court is assigned as error here.

All the evidence was introduced by the appellants (plaintiffs in the trial court) and the facts as above set forth were undisputed.

Section 2-4109, Burns' 1933, § 644, Baldwin's 1934, provides that an execution shall be returned upon order of the plaintiff or his agent. This provision is for the purpose of permitting the plaintiff, for whose benefit the execution was issued, to bring an end to the proceeding upon reaching a settlement with the judgment debtor or for any other reason satisfactory to the plaintiff. It would seem obvious that a return made upon order of the plaintiff pursuant to the provision of this statute would terminate any rights in the property levied upon obtained by virtue of the levy.

But no such order was issued to the sheriff by the plaintiffs or their agent in this case. The only inference to be drawn from the undisputed evidence is that the plaintiffs' attorney upon request by the sheriff attempted to advise the sheriff on his duties in making the return and sought to make certain of the protection of his clients' rights obtained through the levy by instructing the sheriff to show on the return the facts concerning the levy and the receivership which prevented further procedure upon the executions and seemed to make a return proper. The fact that the sheriff in making his return not only showed the levy and the receivership but added what

the evidence clearly and undisputedly shows was an erroneous statement, that the return was made "upon order of plaintiffs' attorney," could not destroy appellants' rights gained as a result of the levy. The trial court erred in denying the preferences.

Appellants urge that the statute above referred to requires that an order for the return of an execution by the plaintiff or his agent must be endorsed in writing on the execution by the plaintiff or his agent. However, a consideration of that question is not necessary to our conclusion in this case.

Judgment reversed with instructions to the trial court to grant appellants' motions for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 36 N. E. (2d) 951.

### ON PETITION FOR REHEARING.

FLANAGAN, J.—In their petition for a rehearing appellees insist that our opinion in this case conflicts with the holding in the case of *Fry* v. *Gallaspie* (1878), 61 Ind. 478, to the effect that a party may not aver the falsity of a return made by a proper officer, except in a direct proceeding against the officer. We cannot agree that such conflict exists.

The rule so announced in the *Fry* v. *Gallaspie* case applies only to such facts as the officer is required by law to set forth in his return (*Coan* v. *Elliott* [1885], 101 Ind. 275), and only when the facts stated are official acts done in the ordinary and usual course of proceedings. Matters of opinion cannot be made evidence by stating them in the return. *Hessong* v. *Pressley, Sheriff* (1882), 86 Ind. 555; *Lindley* v. *Kelley* (1873), 42 Ind. 294; *Splahn* v. *Gillespie* (1874), 48 Ind. 397.

The words, "upon order of plaintiffs' attorney," do not state official acts of the sheriff. Section 2-4109, Burns' 1933, § 644, Baldwin's 1934, provides for an endorsement of a return order by plaintiff or his agent, not by the sheriff. The above quoted words express the conclusion of the sheriff as to the effect of acts or words of the attorney. Such testimony would not be competent if the sheriff were on the witness stand. He cannot, by placing it on the return, make it not only competent evidence but conclusive evidence.

Rehearing denied.

NOTE.—Reported in 37 N. E. (2d) 682.