## WARD *v.* WARD

[No. 17,557.   Filed February 11, 1947.]

*Reed & Reed,* of Knox, for appellant.

*Gleason & Gleason,* of Michigan City, and *Louis A. Reidelback,* of Winamac, for appellee.

FLANAGAN, J.—This is an action to set aside a decree of divorce previously obtained by appellee. The sole error relied upon for reversal is the overruling of appellant's motion for a new trial which charges that the decision of the trial court is contrary to law.

The pertinent facts are as follows:

Appellant and appellee were married November 18, 1939, and after their honeymoon went to live with appellee's parents on a farm about three miles from Denham, Indiana. About two years later they moved to a house they had built on the same farm. They lived there about a year when appellee went to Ypsilanti, Michigan, to work. In July of 1943, appellee joined her husband in Michigan and never thereafter returned to Indiana except for an occasional visit. In 1944 both appellant and appellee voted in Indiana by absentee ballot.

In July, 1943, appellant and appellee bought on contract a house in the town of Denham for the purpose, according to appellee, of having a place to stay when he

gets old. In December of 1943 the furniture of appellant and appellee was moved to the house in Denham and appellee's sister moved in. Thereafter, when appellant and appellee visited in Indiana they stayed with appellee's parents and only one night on one of these visits was spent in the house occupied by appellee's sister. According to appellee's testimony he was living in Michigan at the time he got the divorce here involved and did not intend to live in the house in Denham until after the end of the war and his job.

About the first of January, 1945, appellant and appellee separated and she got a room in the town of Ypsilanti, Michigan. Appellee continued to occupy the home where they had lived in Willow Run, Michigan. This home was occupied by appellant and appellee together from September, 1948, to January, 1945, and by appellee alone from said later date to August, 1945, After their separation appellant sued appellee for divorce in the state of Michigan. That case was dismissed by the court on the grounds that the parties were not residents of Michigan.

Thereafter appellee sued appellant for divorce in the state of Indiana. Upon instruction of appellee's attorney the sheriff left the summons at the home in Denham where the appellee's sister lived. The sister answered the door and told the sheriff that appellant lived there and that she would give the summons to appellant. The summons was never given to appellant because, according to the sister, "she never came back." According to the testimony of the sister she and her daughter were the only ones living at the house at that time.

The statute governing service of summons in a divorce action (§ 3-1205, Burns' 1946 Replacement) provides that such summons "shall be personally served on said defendant, if a resident of the state, either by

reading or leaving a copy thereof at his or her usual place of residence, such usual place to be the residence of such defendant at the time the copy is so left."

From the evidence above set forth it is clear that the house where the involved summons was served was not the residence of such defendant at the time the copy was left, if in fact it had ever been her residence. She was not therefore served with summons. It would appear to follow that the decree under consideration should be set aside. *Cavanaugh* v. *Smith* (1882), 84 Ind. 380.

Appellee says, however, that regardless of lack of service appellant is nevertheless not entitled to have the decree set aside because (1) she was guilty of laches in bringing her action to set it aside; and (2) no meritorious defense to the divorce action was shown.

The question of laches may be presented in two ways: (1) by demurrer if the complaint discloses upon its face that the plaintiff is guilty of laches; and (2) by special answer if the complaint does not so disclose. *Matthews* v. *Wilson* (1903), 31 Ind. App. 90, 67 N. E. 280; *New Albany National Bank* v. *Brown* (1916), 63 Ind. App. 391, 114 N. E. 486. The complaint in the present case does not disclose on its face any laches on the part of appellant and no demurrer for that reason was addressed to it. Neither was the question presented by special answer. It was not therefore before the trial court.

Therefore, we need not consider either the question as to whether the defense of laches could be properly interposed in this action or whether, if properly interposed, it could be sustained.

Appellee's second contention finds support among the earlier cases but the rule seems now established by later

decisions that where a default has been taken ■ against a person upon whom there was no service of process and over whose person the court had acquired no jurisdiction, he is entitled to have the judgment set aside, whether he has a good defense or not. *Dobbins* v. *McNamara* (1887), 113 Ind. 54, 14 N. E. 887; *State of New Jersey* v. *Shirk* (1920), 75 Ind. App. 275, 127 N. E. 861.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 71 N. E. (2d) 131.