ROTH v. BONAR ET AL.

[No. 18,155. Filed December 3, 1951. Rehearing denied January 18, 1952. Transfer denied February 25, 1952.]

*George W. Andrews* and *Robert Foust,* both of Marion; *Russell Keith,* of Peru, and *Ralph Gregg,* of Indianapolis, for appellant.

*Cole, Wildman & Cole,* of Peru, and *Campbell, Gemmill, Browne, Ewer & Torrance,* of Marion, for appellee.

WILTROUT, P. J.—The appellee Maude P. Bonar obtained a default judgment against the appellant on March 30, 1943, in the Grant Superior Court, while appellant was a member of the armed forces of the United States. Upon appellant's separation from the service he filed this action in that court seeking, along with other relief, to have the judgment set aside.

Appellant filed his motion for a change of judge. The nature of the action was questioned. Appellant filed an original action in the Supreme Court to mandate the trial court to grant the change of judge. The Supreme

Court held, as contended for by appellant, that the action was an independent action charging fraud in the service of summons, the return of the sheriff, and in the procurement of the judgment. *State ex rel. Alfred J. Roth* v. *Oren W. Dickey, Judge* (1947), 225 Ind. 279, 73 N. E. 2d 765.

Thereafter appellant filed one or more amended complaints, his final pleading being his fifth amended complaint in two paragraphs. We have compared this complaint with the complaint before the Supreme Court, and agree with the parties hereto that the nature of the action is still the same.

Part of the first paragraph was stricken upon motion of appellees. A demurrer addressed thereto by the appellees Galey and Galey was sustained as to them. A motion to strike out the entire second paragraph was sustained. Trial was had upon the remaining part of the first paragraph and judgment rendered that the judgment obtained by appellee Maude P. Bonar on March 30, 1943, stand as a valid and subsisting judgment and that appellant have no part of the relief sought by his complaint.

It is shown that the appellee Maude P. Bonar filed her complaint against appellant in the Grant Superior Court. The complaint was indorsed:

"The Clerk will issue summons to the Sheriff of Grant County, Indiana, returnable Feb. 15, 1943. (Serve at residence of Will Roth just west of entrance to Fairgrounds at Fairmount)"

The summons also contained the direction: "(Serve at residence of Will Roth just west of entrance to Fairgrounds at Fairmount, Indiana)." This was the residence of appellant's mother, and the summons was served by leaving a copy there. The sheriff's return recited that the summons had been served by leaving

a copy at appellant's last and usual place of residence. Appellant was called and defaulted. Upon a showing that he was in the military service the court appointed a lawyer to represent him and defend his interest. The cause was submitted to the court for trial and a judgment was rendered that appellant was not entitled to relief under the Soldiers and Sailors Civil Relief Act; that the contract whereby appellant was purchasing certain real estate from appellee Bonar was null and void; and that appellee Bonar was entitled to possession of the real estate.

The return of the sheriff is not conclusive in this case as to matters which are not presumptively within the sheriff's personal knowledge, including the last or usual place of residence of appellant. *Papuschak* v. *Burich* (1933), 97 Ind. App. 100, 185 N. E. 876; *State of New Jersey* v. *Shirk* (1921), 75 Ind. App. 275, 127 N. E. 861; *Donnelley* v. *Thorne* (1944), 114 Ind. App. 468, 51 N. E. 2d 873; *United States Gypsum Co.* v. *Moore* (1941), 110 Ind. App. 47, 36 N. E. 2d 951, 37 N. E. 2d 682.

The summons was served on February 2, 1943. For several years prior to February, 1942, appellant had resided in Grant County, Indiana, maintaining a separate residence as a bachelor, at a place other than the residence of his mother. At that time he went to Florida to work and in May, 1942, he went to Arizona, where he stayed until he was inducted into the army in July, 1942. When he left Indiana he was the owner of household goods, which he stored at the homes of different relatives, including that of his mother, until such time as he should return. These facts did not constitute the home of appellant's mother as his usual or last place of residence. The evidence, we think, leads inescapably to the sole conclusion that the place where the summons was served was not the last

and usual place of residence of appellant. 1 Work's *Indiana Practice,* Lowe's Revision, §11.15, p. 307; 2 Gavit, *Indiana Pleading and Practice,* §213(c), p. 1519.

We hold that the service of summons in the original case was not at the last or usual place of residence of appellant; that the court which rendered judgment in that case was without jurisdiction of the person of appellant; and that therefore the judgment rendered therein was void. *State of New Jersey* v. *Shirk, supra; Ward* v. *Ward* (1947), 117 Ind. App. 225, 71 N. E. 2d 131.

The judgment in this case is reversed, with instruction to sustain appellant's motion for a new trial.

NOTE.—Reported in 101 N. E. 2d 828.